UNITED STATES of America,
Petitioner,

v.

Honorable James T. FOLEY, United States District Judge, Respondent.

No. 26603.

United States Court of Appeals Second Circuit.

Submitted Nov. 4, 1960.

Decided Nov. 7, 1960.

---

Theodore F. Bowes, U. S. Atty., for the Northern Dist. of New York, and Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y., for petitioner.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

Study of the Government's petition for mandamus and its supporting brief convinces us that the petition must be denied. In the interest of expedition, which the Government suggests may be peculiarly important because of the possible running of the statute of limitations against criminal prosecution of the taxpayers in early December, we deny the petition without awaiting taxpayers' brief or oral argument.

■ This petition relates to the same proceeding under F.R.Crim.Proc. 41(e), 18 U.S.C. by taxpayers Luther F. and Sirrka V. Grant to suppress evidence from their books and records, which tax-payers believe the Government intends to present to a grand jury, with which we dealt in Grant v. United States, 2 Cir., 1960, 282 F.2d 165. There the Government appealed from an order restraining its use of the evidence [1] pending a hearing which Judge Foley had originally set for March 21, 1960; we dismissed the appeal for want of appellate jurisdiction. Thereafter Judge Foley directed that the hearing be held on October 17. Before then the Grants moved for leave to amend their petition to suppress and for production of documents by the Government in lieu of the subpoena previously served. On October 17 the judge granted leave to amend and ruled on the motion to produce, in a manner we shall state below. He set the hearing for October 24. Instead of going to hearing, the Government obtained a stay from this Court and asks us to mandamus the judge to vacate his orders for a hearing and for the production of documents. We find no sufficient reason for granting this relief.

■ A moving party under F.R.Crim. Proc. 41(e) must show he is "aggrieved by an unlawful search and seizure" on one of four specified grounds. So far as the Grants are concerned the only applicable ground is "that (1) the property was illegally seized without warrant." In our prior opinion we intimated doubt whether "the petition alleges facts which if proved would require the grant of relief." It is by no means clear to us that the position has been significantly altered by the amended petition, which seems to differ chiefly in the addition of conclusory allegations. Nevertheless we cannot say the petitions were so clearly lacking in merit that the District Judge's decision to hold a hearing went beyond the discretion accorded him. We turn therefore to his rulings on the production of documents.

---

1. The order was plainly too broad in restraining the Government "from submitting any evidence or information to a Grand Jury or from taking any other or further proceedings" in relation to the taxpayers pending determination of their motion to suppress; any temporary restraint should have related only to the use of books and records turned over by the taxpayers or of evidence obtained as a result. However, the Government has not asked the District Judge so to limit the scope of the restraining order, as distinguished from vacating it.

We fully understand the Government's concern lest motions under F.R.Crim. Proc. 41(e) for the suppression of evidence obtained from taxpayers' books and records should become a fertile means for harassing the Government by taxpayers' excursions through government files and for delaying or preventing indictments for violation of the Revenue Acts in the meanwhile. With this consideration in mind, we made clear in our earlier opinion the limited nature of the issue that was raised by taxpayers' motion or that might be raised by any motion of this sort. We reiterate that, since there is no claim that force was applied, the only issue is whether taxpayers turned over their books and records without inducement by fraud or deceit. But we see no basis for thinking that the District Judge is proceeding otherwise than in accordance with this view.

To determine whether there was fraud or deceit, it is necessary to know what communications, written and oral, passed between the taxpayers and the revenue agents. Taxpayers' notice to produce was extremely broad. Item 1 sought all correspondence between them and the Internal Revenue Service during the years 1955–59. The judge ordered the Government to produce these. His ruling may have gone too far in including communications not related to the turning over of the taxpayers' records, as indeed he recognized, but, as he also recognized, any error would surely not be of consequence since these are papers taxpayers had once had. Items 2 and 3 sought various Revenue Agents' Manuals of Instructions. At the hearing taxpayers offered to withdraw these requests if the Government would admit the authenticity of extracts from the manuals which taxpayers asserted they had obtained from certain litigation elsewhere; ruling was reserved pending the Government's response. Item 4, seeking "Any written instructions or memoranda to

Special Agents relating to the constitutional rights of taxpayers," was withdrawn. Item 7, requesting "Any copies of transcripts of records obtained from petitioners by the agents," was denied. The remaining items related to reports, memoranda and letters within the Internal Revenue Service relating to the Grants. Counsel for taxpayers stated these were desired "for the purpose of cross-examination of the agents * * * as hostile witnesses, if they should be called" and that "it is pretty much up to the Court to determine whether they should look into it or have to wait until the witness is on the stand." The judge ordered these produced for his inspection, rather obviously to enable him to determine whether they contained material to which taxpayers were entitled. We see nothing wrong in this. Although taxpayers' motion here was not technically a part of a criminal proceeding, as it would have been if made after indictment, it was sufficiently akin to one to render applicable the principle with respect to governmental privilege stated in United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503, 506 and approved in Jencks v. United States, 1957, 353 U.S. 657, 671, 77 S.Ct. 1007, 1 L.Ed.2d 1103, qualified by the Jencks Act, 18 U.S.C. § 3500, as it now is. We see no indication from the transcript of the argument that the judge will require any disclosure to taxpayers of government files unrelated to the narrow issue of illegal seizure or inconsistent with applicable principles of law.

The petition for mandamus is denied and the stay of the hearing is vacated forthwith. Although the Government has been largely responsible for the delay, nevertheless, in view of the possible running of the statute of limitations in early December, the hearing should be concluded well before then, unless the taxpayers enter into an appropriate stipulation.[2]

2. In a letter to the District Attorney dated March 2, 1960, taxpayers' counsel expressed willingness to "cooperate" in this regard, but this may have been limited to the particular means of cooperation there specified.