**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sherman Vernon LYLES, Jr., Defendant-Appellant.**

**No. 72–1292.**

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1972.

Rehearing Denied March 30, 1973.

Robert O. Holmes, Jr., New Orleans, La., for defendant-appellant.

H. M. Ray, U. S. Atty., William M. Dye, Jr., Falton O. Mason, Jr., Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

A jury convicted appellant Sherman Vernon Lyles, Jr., on four substantive counts of uttering forged postal money orders in violation of 18 U.S.C.A. § 500 and on one count of conspiring to utter forged postal money orders in violation of 18 U.S.C.A. § 2. On appellant's contention that fingerprint evidence should have been suppressed because it was obtained by an unlawful search, we remand the case to the District Court for a hearing to establish the circumstances of appellant's arrest and subsequent search. On all other issues, we affirm.

In his appeal, Lyles contends that the trial judge (1) improperly denied appellant's motion for change of venue, (2) improperly denied his motion for production of documents, (3) improperly denied his motion to suppress fingerprint evidence without a hearing, (4) improperly admitted tainted identification evidence, (5) improperly denied his motion for a directed verdict of acquittal, and (6) erroneously instructed the jury.

(1) As to Lyles' motion for a change of venue, the general rule is that a motion for a change of venue is addressed to the sound discretion of the trial court and the exercise of that discretion should be upheld absent a clear showing of abuse. See United States v. Nix, 465 F.2d 90 (5th Cir. 1972); Addison v. United States, 317 F.2d 808 (5th Cir. 1963), cert. denied, 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605 (1964); Greenhill v. United States, 298 F.2d 405 (5th Cir. 1962). Lyles offered a *pro se* motion for a change of venue just before the trial was to begin, after counsel for both sides had announced that they were ready for trial. Under the facts of this case, we discern no abuse of discretion

by the District Court in overruling appellant's motion for a change of venue.

■ (2) Equally without merit is Lyles' contention that he was entitled to examine, prior to trial, all witnesses' statements taken in the investigation of his case, in addition to examining all exhibits which the government intended to place in evidence at the trial. The government provided copies of the allegedly forged United States post office money orders and offered to make available to defense counsel "upon reasonable notice" the fingerprint card, the latent fingerprints of Lyles allegedly found on the money orders, and all other evidence or exhibits pertaining to the fingerprints. Relying upon Rule 16(b), F.R.Crim.P., the government declined, however, to produce statements of potential witnesses. This rule states that it "does not authorize the discovery or inspection of . . . statements made by government witnesses or prospective government witnesses . . . except as provided in 18 U.S.C.A. § 3500 . . . ." The Jencks Act, 18 U.S.C.A. § 3500, requires only that the government disclose the statements of witnesses who actually testify, *after* they have testified. Lyles was therefore not entitled to statements of prospective government witnesses. *See* Palermo v. United States, 360 U.S. 343, 351, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); United States v. Montos, 421 F.2d 215, 220–221 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); Benefield v. United States, 370 F.2d 912, 914 (5th Cir. 1966); Casados v. United States, 300 F.2d 845, 858 (5th Cir. 1962).

■ (3) Appellant next argues that the District Court erred in overruling, without a hearing, his motion to suppress. The *pro se* motion itself is unclear as to its grounds and particular objectives. It simply states that Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) is its "STARE DECISIS" and that it seeks suppression of "written documents" under the Fourth Amendment. Moreover, appellant failed to present the motion to the trial court until the morning of the trial. He now argues that this motion, imperfect though it may have been, should have put the trial court on notice that he was objecting to the fingerprint evidence obtained pursuant to his arrest. The threshold question, of course, is whether the warrantless arrest was made with probable cause. If not, then the fingerprints taken from appellant pursuant to that arrest will be inadmissible unless the arresting officer employed some other constitutional fingerprinting procedure. *See* Davis v. Mississippi, 394 U.S. 721, 728, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■ We are confronted with a deficient record upon which to consider appellant's argument on the motion to suppress. The record does not disclose whether the trial court ever considered the question of probable cause for appellant's arrest. Although counsel for the government indicated at oral argument that the record showed probable cause, the circumstances of the arrest are not described in the record. The arresting officer testified only to events subsequent to the arrest. The testimony to which government counsel referred may have been given at a hearing concerning other defendants. Considering the potential importance of appellant's claim, we remand the case to the District Court with instructions to hold an evidentiary hearing, as if appellant were attacking his conviction collaterally under 28 U.S.C.A. § 2255. At the hearing, the parties should develop the facts concerning both the probable cause for the arrest and the procedures followed for obtaining the fingerprints. The District Court can then rule upon the admissibility of the fingerprints and grant or deny relief accordingly.

■ As to the other issues, including (4) the admission of tainted identification evidence, (5) the sufficiency of the evidence, and (6) the jury instructions, we find no merit to appellant's arguments. Appellant particularly argued

that his conviction rested upon insufficient evidence because the government failed to establish that the money orders in question were "United States Post Office Money Orders" within the meaning of 18 U.S.C.A. § 500. The testimony of Mrs. Rose, considered with the money orders themselves, clearly refutes appellant's argument. She testified unequivocally that the money orders in evidence were United States postal money orders with serial numbers corresponding to the numbers of United States postal money orders missing from her contract postal station in Alton, Illinois.

Although appellant initially contended that the District Court had not accorded him a sufficient hearing on several of his motions, a review of the record reveals no error in this regard.

*Affirmed in part and remanded with instructions.*