UNITED STATES of America, Appellant,

v.

Anthony James SEBASTIAN a/k/a Tony Sebastian, and Patrick Gibbons, Appellees.

No. 990, Docket 74–1147.

United States Court of Appeals, Second Circuit.

Argued May 8, 1974.

Decided June 7, 1974.

Anne M. Srebro, Asst. U. S. Atty. (John T. Elfvin, U. S. Atty. for the

Western District of New York, on the brief), for appellant.

George P. Doyle, Buffalo, N. Y. (Doyle & Denman; Martoche & Collesano, Stanley J. Collesano, Buffalo, N. Y., on the brief), for appellees.

Before ANDERSON, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

The issue raised in this case is whether a district judge may compel the Government at a pre-trial suppression hearing to turn over to the defense for use in cross-examination prior statements of prosecution witnesses who have already testified on direct. We hold that the Jencks Act (the Act), 18 U.S.C. § 3500, requires a negative answer.

I

The United States appeals, pursuant to 18 U.S.C. § 3731, from an order of the United States District Court for the Western District of New York, John T. Curtin, J., suppressing certain evidence the Government wishes to use at trial against Anthony James Sebastian and Patrick Gibbons, who have been charged with passing and uttering forged United States savings bonds and conspiring to do so. 18 U.S.C. §§ 472, 2 and 371. The evidence consists of a written statement taken from Sebastian by a government agent, and credit cards, checks and stock certificates allegedly stolen together with the bonds involved in this case and seized incident to Gibbons's arrest.

Judge Curtin's order was entered after the following course of events. The hearing on defendants' motion to suppress was held on December 19, 1973. The first prosecution witness, Deputy Sheriff Gary C. Behm, testified to Gibbons's arrest and the circumstances surrounding the resulting seizure. After his direct examination, the court ordered the Government to turn over "that part of Mr. Behm's investigative file which is thirty-five hundred [i. e. Jencks Act] material." The judge specified: "[W]hatever summary he made of his

investigation, that shall be marked and made available. . . ." The Government, however, declined to yield any items, on the ground that the Act compels such disclosure only after a witness has testified on direct examination *at trial.* Similarly, when the second prosecution witness, United States Secret Service Agent Samuel J. Zona, testified to Sebastian's arrest and subsequent execution of a written statement, the court granted a defense request for production of Jencks material; again the Government refused to comply.

On December 21, 1973, the judge ordered Sebastian's statement and the items of physical evidence suppressed because of the Government's non-production. This appeal followed. For reasons stated below, we hold that the trial court erred in excluding the evidence and reverse the order of suppression.

II

In pertinent part, the Act provides as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to subject matter as to which the witness has testified. [Emphasis added.]

18 U.S.C. § 3500.

Clearly, the literal wording of the Act supports the Government's position that it may not be forced to give defendants statements of prosecution witnesses before the actual trial. The phrase used

in the statute—"the trial of the case"— would not ordinarily be taken to mean a suppression hearing. For example, the proposed amendment to Rule 12 of the Federal Rules of Criminal Procedure states that a motion to suppress evidence must be made prior to trial.[1] The legislative history of the Act is less helpful. It reflects a general congressional aim to disapprove "misinterpretations" of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), which had led some lower federal courts to authorize excessive or untimely disclosure in reliance on supposed Supreme Court precedent,[2] and to establish "an exclusive procedure" for responding to defendants' demands for access to prior statements of government witnesses.[3] But it is fair to say that the Act's history does not shed any blinding light on our immediate problem. As we previously stated in United States v. Covello, 410 F.2d 536, 544 (2d Cir.), cert. denied, 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969):

> In all probability Congress did not consider the question whether a suppression hearing is itself a "trial" or whether such a hearing is so much an integral part of the criminal trial that determines a defendant's innocence or guilt so as to intend either that the Act apply to such a hearing or that it not do so.

In terms of case authority, however, we do not write on a clean slate. In United States v. Percevault, 490 F.2d 126 (2d Cir. 1974), this court very recently overturned an order calling for pre-trial disclosure of Jencks material. Similarly, in United States v. Covello, supra, we upheld a trial judge's refusal to turn over a government agent's reports after the latter's direct testimony at a pre-trial suppression hearing. Decisions from other circuits, moreover, uniformly deny production before trial on the merits. See Robbins v. United States, 476 F.2d 26, 32 (10th Cir. 1973); United States v. Lyles, 471 F.2d 1167 (5th Cir. 1972); United States v. McMillen, 489 F.2d 229 (7th Cir. 1972); United States v. Montos, 421 F.2d 215 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970).

Appellees rely in part on United States v. Foley, 283 F.2d 582 (2d Cir. 1960), which *Covello* characterized "as holding no more than that we left it to the discretion of the trial judge whether to order a production of documents . . . ." 410 F.2d at 544–545. But *Foley* is readily distinguished by its unusual procedural posture. It arose on the Government's petition for mandamus, always an extraordinary remedy,[4] and the court found "no indication from the transcript of the argument" that the judge would ultimately "require any disclosure to taxpayers of government files . . . inconsistent with applicable principles of law." United States v. Foley, supra, 283 F.2d at 584.[5] Moreover, appellees' brief in *Percevault*, supra, called *Foley* to the attention of the panel. Nevertheless, the court stated that "cases which have afforded the dis-

---

1. Proposed Fed.R.Crim.P. 12(b)(3), Proposed Amendments to the Federal Rules of Criminal Procedure, Communication from the Chief Justice of the United States, H.R. Doc.No.93–292, 93d Cong., 2d Sess. 7 (1974). The Notes of the Advisory Committee state that this codifies existing practice. Id. at 38.

2. See S.Rep.No.981, 85th Cong., 1st Sess. (1957), and especially Appendix, id. at 7; H.R.Rep.No.700, 85th Cong., 1st Sess. (1957).

3. S.Rep.No.981, supra note 2, at 2. See generally United States v. Covello, 410 F.2d

536, 543 (2d Cir.), cert. denied, 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969).

4. Cf. Stans v. Gagliardi, 485 F.2d 1290 (2d Cir. 1973).

5. *Foley* disposed of the prosecution's second attempt, in the same proceeding, to obtain interlocutory review of an adverse order below. In Grant v. United States, 282 F.2d 165 (2d Cir. 1960), we dismissed for lack of appellate jurisdiction an appeal from an order restraining the use of government evidence pending a hearing before the district judge.

trict judge a measure of discretion in administering the Act . . . did not consider the *timing* of the disclosure . . . ," 490 F.2d at 132 (emphasis added), but only procedural or definitional issues.

Appellees correctly point out that most of the decisions cited by the Government deal with requests for production in the context of discovery motions or preliminary hearings. See, e. g., United States v. Percevault, supra (discovery); United States v. Lyles, supra (discovery); United States v. McMillen, supra (discovery); Robbins v. United States, supra (preliminary hearing). Appellees argue most persuasively that the case for pre-trial disclosure is strongest in the framework of a suppression hearing. Since findings at such a hearing as to admissibility of challenged evidence will often determine the result at trial and, at least in the case of fourth amendment suppression motions, cannot be relitigated later before the trier of fact, pre-trial production of the statements of witnesses would aid defense counsel's impeachment efforts at perhaps the most crucial point in the case. Appellees also point out, as did Judge Curtin, that a government witness at the suppression hearing may not appear at trial so that defendants could never test his credibility with the benefit of Jencks Act material. But although we might well—as a matter of policy—favor broadening the Jencks Act or generally liberalizing federal discovery, we do not feel that we can ignore the weight of authority, including our own, or the language of the Act in the absence of contrary legislative history or specific direction from Congress. Cf. United States v. Covello, supra, 410 F.2d at 544. We hasten to add, however, that our opinion should not be construed as disapproving the practice of turning over Jencks Act material well before any legal requirement to do so as part of cooperative discovery between the prosecu-

tion and defense counsel, supervised and encouraged by the judge at a pre-trial conference. We encourage that practice and believe that it frequently benefits not only a defendant, but the Government too, and that it may also serve the public interest in expediting the fair resolution of criminal cases. See *Percevault*, supra, 490 F.2d at 132; ABA Standards Relating to Discovery and Procedure Before Trial § 2.1(a)(i) and commentary b. We hold only that the district judge—and we—cannot properly compel such turnover.[6]

Accordingly, we reverse the order of suppression entered by the district court.

---

6. In view of our disposition of this matter, we do not reach the Government's second claim that part of the material at issue here

may not qualify as a "statement" within subsection (e) of the Act. 18 U.S.C. § 3500(e).