UNITED STATES of America

v.

Dennis Michael EASON.

Crim. No. 77–5075.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Aug. 12, 1977.

Edward L. Shaheen, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., for the Government.

H. F. Sockrider, Jr., Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, La., for defendant.

## RULING ON MOTIONS

DAWKINS, Senior District Judge.

We have before us a three-count indictment, the first two counts charging perjury and the third charging unlawful sale of marijuana. Eason has filed a motion to dismiss the indictment returned against him and an alternative motion to require the Government to elect between alleged repugnant counts within the indictment. Defendant also has filed motions for discovery and inspection of certain information and for a cost-free copy of the entire transcript of proceedings in No. 75–251.

Having reviewed the briefs filed in support of these motions, and the answers and briefs filed by the Government in opposition, we now proceed to resolution of the issues presented.

The indictment was returned against defendant on June 14, 1977. Count I charges defendant with perjury [1] in a prior criminal proceeding [2] with respect to the following quoted testimony given by defendant in response to direct examination by defense counsel:

> "913 Q. How long did you sell drugs or marijuana? What did you sell? Marijuana?
>
> A. Just marijuana.
>
> Q. Over what period of time were you involved in that?
>
> A. Started in November of 1971 to about January of 1974."

Count II of the indictment alleges perjury [3] by defendant in the prior proceeding with respect to the following testimony:

> "258 Q. And yet you come into this Courtroom and try to avoid an embezzlement and false entry conviction you would rather say I was selling dope exclusively, but I was not embezzling from the bank. Is that what you were doing?
>
> A. That's exactly so. I was not embezzling money from the bank and I was not selling $66,000 worth of dope either. . . ."

By reason of defendant's acquittal in Criminal No. 75–251 on charges of embezzlement and making false bank entries, there can be no charge that defendant perjured himself in those proceedings by denying embezzlement of funds.[4] We therefore treat as mere surplusage that portion of Count II referring to embezzlement. It is ordered stricken. Rule 7(d) F.R.Crim.P. It further is ordered, to avoid prejudice in the eyes of the jury that those portions of the testimony quoted in Counts I and II, be extirpated physically, insofar as they refer to embezzlement.

---

1. 18 U.S.C. § 1623.

2. *United States of America v. Dennis Michael Eason*, Cr.No. 75–251 (W.D.La. May 11, 1976), wherein Eason was charged with embezzlement and making false entries in the records of Mansfield Bank and Trust Company, Mansfield, Louisiana, where he was employed as a note teller.

3. 18 U.S.C. § 1623.

4. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Ehrlich v. United States*, 145 F.2d 693 (5th Cir. 1944); *United States v. Nash*, 447 F.2d 1382 (4th Cir. 1971).

Count III charges defendant with distribution of approximately 10 pounds of marijuana between July of 1972 and January of 1974, in violation of 21 U.S.C. § 841(a)(1).

In light of his acquittal in Criminal No. 75–251, defendant seeks dismissal of Counts I and II of the indictment on grounds of res judicata, collateral estoppel, and double jeopardy.

 The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This constitutional guarantee "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." [5] Offenses are not the same if there is an element, or are elements, of proof required of one crime not required of the other, notwithstanding a substantial overlap in the proof offered to establish the crime.[6]

On the present facts there can be no question but that the indictment for perjury regarding defendant's marijuana dealings is not the same offense as the prior charges of embezzlement under 18 U.S.C. § 656 and false entries under 18 U.S.C. § 1005. Not only do the current charges require different elements of proof, but they seek to punish as criminal entirely different conduct.

 However, the *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Collateral estoppel, which is embraced within the constitutional guarantee against double jeopardy, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe, supra*, at 443, 90 S.Ct. at 1194. By virtue of

the doctrine of collateral estoppel an acquittal in a case is conclusive of those issues necessarily determined by the acquittal. *United States v. Williams*, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747 (1951); *Sealfon v. United States*, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948). Whether an issue has been resolved by a prior acquittal must be determined in light of all the circumstances involved in the proceedings. *Sealfon, supra*, at 579, 68 S.Ct. 237.

 The earlier prosecution against this defendant in Criminal No. 75–251 was resolved by Honorable Tom Stagg, of this Court, in a bench trial. Review of his written Findings of Fact and Conclusions of Law convinces us that acquittal was based upon failure of the Government to carry its burden of proof beyond a reasonable doubt rather than acceptance of defendant's testimony that he sold marijuana. The prior acquittal on embezzlement and false entry charges is not inconsistent with the quoted testimony being false. The authorities dealing directly with perjury prosecutions clearly hold that when the fact is not necessarily determined in the former trial, the possibility that it may have been does not prevent reexamination of that issue. *United States v. Williams, supra; Adams v. United States*, 287 F.2d 701 (5th Cir. 1961). Consequently, collateral estoppel does not bar the present prosecution.

 Defendant further argues for dismissal of the indictment on the ground that it constitutes a denial of due process. Primarily relying upon the decisions in *North Carolina v. Pearce, supra*, and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), it is urged that the facts surrounding institution of the present indictment indicate prosecutorial vindictiveness and misconduct. These cases are narrowly drawn to preclude the use of reindictment as punishment for exercise of the right of appeal or collateral attack. The *Blackledge*

5. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

6. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

rationale does not apply where the second indictment is *not* based upon the same conduct as the first. *United States v. Mallah*, 503 F.2d 971 (2nd Cir. 1974), cert. denied 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975); *United States v. Butler*, 414 F.Supp. 394 (D.Conn.1976). Under such circumstances, there is no likelihood that this defendant will suffer the retaliation against which *Pearce* and *Blackledge* sought to protect. These decisions cannot be extended to clothe with immunity from future prosecution a defendant who chooses to take the stand in his own defense and discloses evidence of other crimes or testifies falsely.

■ There is no evidence to support the allegation that this indictment is the result of actual malice. Nor is there sufficient showing that defendant is a victim of discriminatory enforcement of law. Consequently, the motion to dismiss is denied.

Alleging repugnancy between Counts I and III of the indictment, defendant seeks dismissal, or, in the alternative, an order requiring the Government to elect which count it intends to pursue. Counts I and III are properly joined under Rule 8, F.R. Crim.P. Nevertheless, Rule 14 provides for relief from an otherwise proper joinder of offenses if prejudice results, reading in pertinent part:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . ."

■ Prejudice may develop when joinder of offenses causes the defendant to become confounded or embarrassed in presenting separate defenses, as when an accused wishes to testify on one but not the other of two joined defenses which are clearly distinct in time, place and evidence. *Bradley v. United States*, 140 U.S.App.D.C. 7, 433 F.2d 1113 (1969); *Blunt v. United States*, 131 U.S.App.D.C. 306, 404 F.2d 1283 (1968), cert. denied 394 U.S. 909, 89 S.Ct.

1021, 21 L.Ed.2d 1021 (1969); *Cross v. United States*, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964).

■ Count I of the indictment charges the defendant with perjury for testifying that he sold marijuana. Count II charges perjury for the defendant's allegedly false statement that, although he sold marijuana, he did not sell $66,000 worth. Count III then charges defendant with distribution of 10 pounds of marijuana. Such inconsistency breeds confusion, both for defendant and the jury. Defendant is placed in the untenable position of either offering no defense or seeing his defense to one count prove the Government's case on another. We perceive sufficient prejudice to the defendant here to justify invocation of our Rule 14 discretion and hereby grant the order to require the Government to elect which of Counts I, II, or III it intends to pursue. With respect to Count III, since the time period it covers is extensive—some twenty months—the Government shall particularize as closely as possible with reasonable certainty, within fifteen days of this ruling, the date or dates upon which defendant is alleged to have sold the ten pounds of marijuana. Rule 7(f), F.R. Crim.P. See *United States v. Maselli*, 534 F.2d 1197 (6th Cir. 1976).

■ Defendant requests this Court to supply him a transcript of the proceedings in Criminal No. 75–251 free of charge. This trial lasted nine days. The greatest part of the trial time was consumed by the Government's presentation of evidence on embezzlement and false entry charges, matters wholly unrelated to the present indictment. While no full transcript has been made, the Government has offered the defendant copies of the testimony given by defendant and Tony Mack Stewart in the prior proceeding.

It would seem that this disclosure by the Government will provide defendant with all tools necessary to defend the present action in compliance with *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). De-

fendant's motion to produce a free transcript is denied except as to the mentioned transcripts to be provided by the Government.

Defendant's motion for discovery and inspection is granted only insofar as follows:

Items 1 through 3 are granted;

Item 4 is denied;

Item 5 is denied because testimony before the grand jury was not recorded;

Item 6 is denied;

Item 7 is granted;

Item 8 is granted;

Items 9 through 11 are beyond the scope of Rule 16, F.R.Crim.P., and therefore denied.

Item 12 is granted.

*United States v. Caldwell,* 178 U.S.App.D.C. 20, 543 F.2d 1333 (1974); *United States v. Gonzalez,* 466 F.2d 1286 (5th Cir. 1972); *United States v. Lyles,* 471 F.2d 1167 (5th Cir. 1972), cert. denied 419 U.S. 851, 95 S.Ct. 92, 42 L.Ed.2d 82 (1974); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).