**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Douglas A. LARSEN,
Defendant-Appellant.**

**No. 77–1618.**

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 13, 1979.

Decided April 5, 1979.

Ronald L. Rencher, U. S. Atty., and Max D. Wheeler, Asst. U. S. Atty., Salt Lake City, Utah, for appellee.

Phil L. Hansen of Hansen & Hansen, Salt Lake City, Utah, for appellant.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Douglas A. Larsen (Larsen) appeals his conviction of theft of government property in violation of 18 U.S.C. § 641.

On November 9, 1975, Larsen entered into a contract with the United States Forest Service (Forest Service) which authorized the cutting and removal of 150 trees from specified areas in the Ashley National Forest. Pursuant to the provisions of the contract, Larsen and a Forest Service officer went to the National Forest and cut, tagged, and stacked 150 Evergreen trees. These trees had previously been selected by the Forest Service for removal to foster maximum forest growth. Arrangements were made for Larsen to remove the trees approximately one week later.

Due to Larsen's prior dealing with the Forest Service, periodic surveillance was maintained on the 150 trees. On November 15, 1975, forestry operations were observed in the cutting area, despite the fact that no other trees had been selected for removal in that vicinity. Larsen and two juveniles were the only persons known to have entered the area that day. Following their departure, Larsen was arrested with a load of 376 trees. These trees included the 150 trees cut and tagged pursuant to the Forest Service contract the week before.

A criminal complaint was filed charging Larsen with theft of government property in violation of 18 U.S.C. § 641. Larsen subsequently refused to waive his right to grand jury indictment. On July 26, 1976, the grand jury returned an indictment charging Larsen with the theft of 226 Evergreen trees in violation of 18 U.S.C. § 641. These trees had not been previously tagged.

Following Larsen's release on a personal recognizance bond, he entered into another contract with the Forest Service for the purchase of Lodgepole pine trees. Each tree designated to be cut under this contract was marked with colored paint. The

trees to remain standing were marked with silver paint.

A few weeks after the execution of this second contract, a Forest Service officer went to the cutting area and observed that many of the trees found in Larsen's stacks were marked with silver paint or belonged to other cutting areas adjacent to that provided in the contract. Inasmuch as the Government could not prove that Larsen removed the illegally cut trees, he was charged in a misdemeanor information, with violating the provisions of 18 U.S.C. § 1852 (unlawful cutting of timber).

On the motion of the Government, the two charges were joined for trial. On August 3, 1977, the jury returned a verdict of guilty as to both charges.

On appeal, Larsen challenges only that portion of the judgment relating to his conviction under 18 U.S.C. § 641. He contends that the trial court erred in denying his motion for judgment of acquittal on the grounds that the specific provisions of 18 U.S.C. § 1852[1] preclude application of the more general provisions of 18 U.S.C. § 641.[2] Section 1852 specifically prohibits cutting, removing, or destroying *timber* growing on public lands; § 641 is a general statute covering the theft of government property.

In our view, Larsen's contention is not supported by the controlling law. The same act or transaction may constitute two separate offenses, if each offense requires some fact or element not required to establish the other. *United States v. Beacon Bass Co.*, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952); *United States v. Bettenhausen*, 499 F.2d 1223 (10th Cir. 1974).

The distinction between the elements of proof of facts between §§ 1852 and 641 is sufficient to allow prosecution under either. It is apparent on their face that they serve distinct public policies and require the proof of some element or fact not required to establish the other. *United States v. Manes*, 420 F.Supp. 1013 (D.Or. 1973), aff'd, 549 F.2d 809 (9th Cir. 1977); *United States v. Gemmill*, 535 F.2d 1145 (9th Cir. 1976), cert. denied, 429 U.S. 982, 97 S.Ct. 496, 50 L.Ed.2d 591 (1976); *United States v. Cedar*, 437 F.2d 1033 (9th Cir. 1971). *Cf.*, *United States v. Lamb*, 150 F.Supp. 310 (N.D.Cal.1957), aff'd sub. nom., *Magnolia Motor & Logging Co. v. United States*, 264 F.2d 950 (9th Cir. 1959), cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed. 61 (1959). Moreover, this court has expressly

---

1. Section 1852 provides as follows:

§ 1852. Timber removed or transported

Whoever cuts, or wantonly destroys any timber growing on the public lands of the United States; or

Whoever removes any timber from said public lands, with intent to export or to dispose of the same; or

Whoever, being the owner, master, pilot, operator, or consignee of any vessel, motor vehicle, or aircraft or the owner, director, or agent of any railroad, knowingly transports any timber so cut or removed from said lands, or lumber manufactured therefrom—

Shall be fined not more than $1,000 or imprisoned not more than one year, or both.

This section shall not prevent any miner or agriculturist from clearing his land in the ordinary working of his mining claim, or in the preparation of his farm for tillage, or from taking the timber necessary to support his improvements, or the taking of timber for the use of the United States; nor shall it interfere with or take away any right or privilege under any existing law of the United States to cut or remove timber from any public lands. June 25, 1948, c. 645, 62 Stat. 787

2. Section 641 provides as follows:

§ 641. Public money, property or records

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater. June 25, 1948, c. 645, 62 Stat. 725.

held, in a recent opinion authored by Judge Doyle, that prosecution under § 641 is proper under the circumstances presented here. *United States v. Leavitt,* 599 F.2d 355 (10th Cir. 1979). The District Court did not err in denying Larsen's motion for judgment of acquittal.

WE AFFIRM.