**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert Lonzo CANTRELL,**
**Defendant-Appellant.**

**No. 78–1750.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 13, 1979.

Decided Jan. 7, 1980.

Bruce C. Houdek of James, Odegard, Millert & Houdek, Kansas City, Mo., for defendant-appellant.

John Oliver Martin, Asst. U. S. Atty. (with James P. Buchele, U. S. Atty., Tope-

ka, Kan., on brief), Kansas City, Kan., for plaintiff-appellee.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This case involves two loads of firearms sold to a government "sting" operation. Cantrell and a cohort were indicted under 18 U.S.C. § 922(i)[1] for transporting each of the loads from Missouri to Kansas on September 19 and 20, 1977. Cantrell, a previously convicted felon, was also indicted under 18 U.S.C. § 922(h)[2] for "receiving" the same firearms in Kansas on the same dates. He was convicted and sentenced to consecutive terms of imprisonment for the four counts. The government's apparent theory and actual proof was that the defendants stole the weapons in Missouri and transported them to Kansas for sale to the sting operation. Cantrell challenged the obvious inconsistency between the indictments for transportation from Missouri into Kansas and receipt of those same weapons in Kansas. There is no doubt that the government's proof supports its theory that the guns were stolen by the defendants in Missouri and transported into Kansas. The problem arises from the government attempt to sustain the convictions and sentences for *receiving* the guns in Kansas.

In order retroactively to support these apparently inconsistent convictions, the government imaginatively refashions the English language. It suggests that "receipt" is a continuous act under 18 U.S.C. § 922(h) and that Cantrell therefore "received" the weapons at all times that he possessed them—from Missouri to Kansas. To bolster its contention that receipt and possession are synonymous the government quotes from one of the congressional committee reports for the Federal Gun Control Act of 1968. As quoted by the government, the passage reads:

> The principal purposes of title IV [of which 18 U.S.C. § 922(h) is a part] are to aid in making it possible to *keep firearms out of the hands* of those not legally entitled to *possess* them because of age, criminal background or incompetency . . . . S.Rep.No. 1097, 90th Cong., 2nd Sess., *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 2112, 2113.

Brief for Appellee at 12 (emphasis added by appellee). Rather than accepting a common sense interpretation of this passage—that by making particular acts like "receipt" criminal, Congress intended to deter the ultimate act, possession—the government contends in effect that ultimate statutory purpose should blur precise statutory language: "Clearly, § 922(h) was not designed to discourage the momentary offense of receiving, but rather the continuing offense of receiving or of possession." Brief for Appellee at 12. Taken one step further, the government's argument would in effect lead to the absurd conclusion that §§ 922(h) and 922(i), because of their common purpose, are indistinguishable. Under this analysis, we would be left with a double conviction for the same "continuing offense of receiving or of possession," a result we could not countenance.

In another attempt to sustain its position, the government argues that the jury could have found that Cantrell "re-received" the weapons in Kansas after having transported them there. Since the weapons remained in the trunk of the co-defendant's car and the co-defendant picked up Cantrell on the way to the sting operation, the government suggests that Cantrell "temporarily lost possession" and later regained it. Brief for Appellee at 9–10. We believe that no jury would formulate such a bizarre

---

1. Section 922(i) reads: "It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen."

2. In pertinent part, § 922(h) reads: "It shall be unlawful for any person . . . who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

theory and, as a matter of law, no jury should be permitted to attach such a meaning to "receipt." Under neither common sense nor the law do we "receive" our possessions anew each time we come upon them.

The government suggests a final theory to salvage the apparently inconsistent counts of the indictment. It argues that evidence of receipt in Missouri satisfies the indictment for receipt in Kansas and that this case involves a mere harmless variance between indictment and proof. If Cantrell had been charged with receipt only, the variance in the place of the offense would perhaps have been harmless. *See United States v. Frazier,* 545 F.2d 71 (8th Cir. 1976), *cert. denied,* 429 U.S. 1078, 97 S.Ct. 823, 50 L.Ed.2d 798 (1977). However, when a defendant is charged with apparently inconsistent counts in a single indictment and the government removes the inconsistency only at trial, if at all, we cannot say that the defendant "could . . . have anticipated what the evidence would be at trial." Brief for Appellee at 10, *citing United States v. Freeman,* 514 F.2d 1184 (10th Cir. 1975). The government has succeeded in sustaining consecutive sentences for unlawful transportation. We cannot say that the unfairness involved in the substantial variance between the indictment on the one hand and the government's theory on the other hand is sufficiently harmless to sustain the addition of two more lengthy terms in sequence.

The conviction is affirmed as to counts one and three (interstate transportation) and reversed as to counts two and four (receipt).

BARRETT, Circuit Judge, concurring:

I concur in the result reached based on the narrow facts of this case. I am firmly convinced, however, that there are situations where prosecution would be proper under both 18 U.S.C. § 922(h) and § 922(i) inasmuch as the same act or transaction may constitute two separate offenses, if each offense requires some fact or element not required to establish the other. *United*

*States v. Beacon Brass Co.,* 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952); *United States v. Larsen,* 596 F.2d 410 (10th Cir. 1979); *United States v. Bettenhausen,* 499 F.2d 1223 (10th Cir. 1974).

McWILLIAMS, Circuit Judge, concurs in the result.