**UNITED STATES of America,
Respondent,**

v.

**Yusuf ABDUL–MALIK, Petitioner.**

No. 94 Cr. 231 (JES).

United States District Court,
S.D. New York.

Oct. 25, 1995.

Mary Jo White, United States Attorney for the Southern District of New York, New York City, for Respondent; Celeste L. Koeleveld, Assistant United States Attorney, of counsel.

Yusuf Abdul–Malik, New York City, Petitioner Pro Se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

*Pro se* petitioner Yusuf Abdul–Malik ("Malik") brings the instant motion for disclosure of grand jury testimony and materials pursuant to 18 U.S.C. § 3500. For the following reasons, Malik's motion is denied.

## BACKGROUND

In April 1994, Malik was charged with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 and twelve counts of bank fraud, in violation of 18 U.S.C. § 1344. Pur-

suant to a plea agreement dated June 14, 1994, Malik pleaded guilty on July 12, 1994 to Count One of the Indictment charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. The plea agreement provided that the United States Sentencing Guidelines ("Guidelines") range applicable to the offense required a term of imprisonment of twelve to eighteen months. In addition, the plea agreement provided that neither party would appeal a sentence imposed by the Court falling within the stipulated sentencing range.

On November 4, 1994, the Court sentenced Malik to a term of imprisonment of eighteen months followed by three years of supervised release, restitution in the amount of $66,158.21 and a $50 mandatory special assessment. Upon the Government's motion made pursuant to the plea agreement, the Court dismissed the remaining twelve counts of bank fraud against Malik.

In the instant action, Malik seeks access to the transcripts of all grand jury proceedings related to his indictment.[1] Despite his plea agreement, Malik seeks these grand jury materials to facilitate his intended appeal based upon "ineffective assistance of counsel and an actual conflict of interest on the part of defense counsel." *See* Malik Affidavit in Support of Motion. More specifically, Malik asserts that he "ha[s] reason to believe that the Grand Jury was in fact unjust in the rendering it;s [sic] Indictment against defendant." *Id.*

## DISCUSSION

■ Malik's motion for disclosure of grand jury materials and transcripts made pursuant to 18 U.S.C. § 3500,[2] is denied. While the plain language of § 3500 grants discovery rights to defendants who have proceeded to trial, *see United States v. Sasso,* 59 F.3d 341, 351 (2d Cir.1995), it grants no rights to a defendant, such as Malik, who pleaded guilty, thereby waiving his right to a trial and cross-examination. *See United States v. Fatico,* 458 F.Supp. 388, 400 (E.D.N.Y.1978), *aff'd,* 603 F.2d 1053 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980); *United States v. Sebastian,* 497 F.2d 1267 (2d Cir.1974); *United States v. Percevault,* 490 F.2d 126 (2d Cir.1974); *United States v. Covello,* 410 F.2d 536 (2d Cir.), *cert. denied,* 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969).

■ If made pursuant to Fed.R.Crim.P. 6(e),[3] *see e.g. Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) (construing *pro se* application liberally), the instant motion must nevertheless be denied. Where, as here, a private party requests disclosure of grand jury material pursuant to Rule 6(e)(3)(C)(i), he must sustain "the burden of demonstrating particularized need." *Cullen v. Margiotta,* 811 F.2d 698, 715 (2d Cir.) (citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987)). To meet this burden, Malik must demonstrate that "(a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." *Id.; see also Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674 (particularized showing required even when grand jury has concluded). The district court is afforded substantial discretion in determining whether grand jury transcripts should be released. *See Cullen,* 811 F.2d at

---

1. Specifically, Malik seeks disclosure of "grand jury minutes" and "all materials pursuant to 18 U.S.C. § 3500." Defendant's Affidavit in Support Dated March 13, 1995.

2. Title 18 U.S.C. § 3500(b) provides, in pertinent part:

   [a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.
   18 U.S.C. § 3500(b).

3. Fed.R.Crim.P. 6(e)(3)(C)(i) provides, in pertinent part:

   Disclosure ... of matters occurring before the grand jury may also be made—
   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding.
   Fed.R.Crim.P. 6(e)(3)(C)(i).

715; *see also Douglas Oil,* 441 U.S. at 223, 99 S.Ct. at 1675.

 In this case, Malik's unsupported claim that he has "reason to believe" that improprieties occurred during the course of the grand jury proceedings fails to satisfy his burden of demonstrating particularized need under Rule 6(e)(3)(C)(i). Moreover, the instant motion does not even specify a particular portion of the proceedings, which he needs to have disclosed. *See United States v. Miramontez,* 995 F.2d 56, 59 (5th Cir. 1993). The mere contention that a party needs certain transcripts, or has a "right" in relation thereto, does not justify disclosure. *See Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399–401, 79 S.Ct. 1237, 1240–42, 3 L.Ed.2d 1323 (1959). Moreover, if he wishes to move to vacate his plea on the ground of allegedly ineffective assistance of counsel, his remedy lies in an appropriate motion seeking that relief, not in an unsupported application for grand jury minutes. This is especially true since there is no apparent relationship, and Malik has set forth none, between his alleged ineffective assistance of counsel claim and his request for minutes of the grand jury proceeding, at which his counsel had no right to be present.

 Finally, by pleading guilty to the charge contained in Count One, Malik waived all challenges to the prosecution of the offense, except those relating to the jurisdiction of the Court. *See Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987); *United States v. Sykes,* 697 F.2d 87, 89 (2d Cir. 1983); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). To the extent that Malik arguably alleges any improprieties in the grand jury proceedings relating, they have been waived by his guilty plea. *See United States v. Ruiz,* 894 F.2d 501, 504 (2d Cir.1990) (citing *United States v. Helmsley,* 864 F.2d 266 (2d Cir.1988), *cert. denied,* 490 U.S. 1065, 109 S.Ct. 2063, 104 L.Ed.2d 628 (1989)).[4]

---

4. Regarding Malik's request for copies of transcripts of proceedings before this Court in the above-captioned action relating to Malik, the Court Reporter is directed to provide Malik, who

**CONCLUSION**

For the foregoing reasons, Malik's motion is in all respects denied.

It is **SO ORDERED.**

is proceeding *in forma pauperis,* with copies of the July 12, 1994 transcript of Malik's guilty plea and the November 4, 1994 transcript of Malik's sentencing within thirty days.