**UNITED STATES of America,**

v.

**Michael CONDE, Defendant.**

**No. 03 CR. 1046(NRB).**

United States District Court,
S.D. New York.

Dec. 23, 2003.

Lawrence Gerschwer, Asst. U.S. Atty., Southern District of New York, for Plaintiff.

Steven M. Statsinger, Esq., Legal Aid Society, Federal Defenders Division, New York City, for Defendant.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

On September 7, 2003, defendant was indicted on two counts. Count One charges Michael Conde with conspiring, during at least the time period between June 2002 and June 2003, to transfer a false identification document in violation of 18 U.S.C. § 1028(a)(2). Count Two charges that defendant, from about May 7, 2003 to the present, "would and did embezzle, steal, purloin, and knowingly convert to his own use" government property in violation of 18 U.S.C. § 641.

The government's allegations, set forth in the complaint, are as follows. Defendant offered to assist a confidential informant ("CI") in obtaining a false Pennsylvania driver's license for $2000. Defendant and the CI met on November 20, 2003, and defendant gave the CI an application and instructed him to fill it out using any name he wanted. At a subsequent meeting on May 6, 2003, defendant allegedly helped the CI fill out the application. The next day, the CI gave defendant a down payment of $1500 in cash. They met again on May 28, 2003, and arranged for the CI to obtain his license on June 2, 2003. In a subsequent phone conversation, defendant refused to specify the location of the previously arranged meeting, and accused the CI of being an informant. At that point, because of safety concerns, the Federal Bureau of Investigations instructed the CI to cease contact with defendant. Count One refers to defendant's involvement in the conspiracy to sell fraudulent licenses, and Count Two refers to defendant's decision to retain the CI's payment without providing the agreed-upon service in exchange.

On November 14, 2003, defendant moved for an order dismissing the indictment as repugnant (or inconsistent) in that the allegations contained in one count, if proven, would negate the allegations in the other count. For the reasons set forth below, defendant's motion is granted as to Count Two and denied as to Count One.

An indictment is defective if it contains logically inconsistent counts. *United States v. Cantrell*, 612 F.2d 509, 511 (10th Cir.1980) (reversing verdict on the ground that indictment charging both transport of stolen goods *to* Kansas and receipt of stolen goods *in* Kansas was inconsistent and unfairly hampered defendants' ability to prepare for trial); *United States v. Eason*, 434 F.Supp. 1217, 1221 (W.D.La.1977) (ordering the government to decide which of three counts to pursue). As it is currently written, the present indictment is inconsistent, and therefore defective, because it describes defendant's acceptance of payment from the CI *on May 7, 2003* both as part of a conspiracy to transfer false identification and as theft. As defendant points out, the two allegations are mutually exclusive; if defendant meant to provide the CI with a fraudulent license, he was not converting his payment, and *vice versa*.

In response to defendant's motion, the government indicates that it intends to present a superseding indictment alleging additional overt acts in furtherance of the conspiracy charged in Count One, so that the May 7, 2003 transaction will no longer be the sole basis for Count One. The government asserts that this supplementation should cure any potential inconsistencies between the two counts. As for the timing issue raised by the current indictment, i.e. that as charged both offenses were ongoing at the point of the transaction on May 7, 2003, the government relies on the assumption that the court will resolve this issue by giving a standard variance in dates charge and argues that the jury should be allowed to decide when defendant's intention shifted from sale to conversion.

■ We reject the government's proposal because it does not directly address the inconsistency issue raised by defendant's motion. We find, moreover, that, were we to allow the government to proceed in this manner, defendant's ability to prepare for trial would be seriously impaired. *See Cantrell*, 612 F.2d at 511 (reversing conviction for this reason). We therefore dismiss Count Two of the indictment without prejudice to the government's filing a superseder that ascribes non-overlapping dates to the two offenses charged.[1] The parties are directed to appear before us on Monday, December 29, 2003 at 11:30 a.m. for a conference.

IT IS SO ORDERED.

---

1. In reaching our conclusion that the government may supercede, we are rejecting defendant's argument that, to be guilty of a violation of 18 U.S.C. § 641, defendant must have intended to defraud the informant at the time he received the payment. Nothing in the language of § 641, which notably includes acts such as embezzlement and conversion as well as theft, suggests such a limitation. *Id.* ("Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States" has violated this provision.) Nor do we find either of the cases defendant cites to be on point. *United States v. Silkowski*, 32 F.3d 682, 689–90 (2d Cir.1994) involved the dissimilar issue of how to apply the statute of limitations to violations of § 641, and *United States v. Aguilar*, 967 F.2d 111, 114–5 (5th Circuit) merely noted that simultaneous intent was a basis for its conclusion that § 641 applied, without saying anything about whether or not it was a necessary condition.