**UNITED STATES of America,**
**Appellee,**

v.

**Robert Joyner WHITE, Appellant.**

**No. 9599.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1965.

Decided Feb. 25, 1965.

Frank B. Miller, III, Richmond, Va. (Court-assigned counsel) [Sands, Anderson, Marks & Clarke, Richmond, Va., on the brief], for appellant.

C. V. Spratley, Jr., U. S. Atty. (T. P. Baer, Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and HUTCHESON, District Judge.

J. SPENCER BELL, Circuit Judge.

The petitioner, Robert Joyner White, appeals from an order of the district court rejecting his petition under 28 U.S.C.A. § 2255 to vacate his conviction on October 13, 1959, for bank robbery. In that petition White alleged the following abridgements of his legal rights: (1) that he was not present when the jury which convicted him was empanelled; (2) that he was illegally arrested because the warrant issued for his arrest was invalid on its face and consequently that the search for and seizure of certain evidence incident to that arrest were improper; and (3) that the district judge did not properly dispose of his motion for the discovery of certain documents under 18 U.S.C.A. § 3500.

After a full and careful consideration of the issues raised on this appeal, we have concluded that they were adequately discussed and correctly decided, both as to the facts and the law, in the opinion of the district court.[1] The record before us discloses abundant evi-

1. The opinion of the district court is reported at 237 F.Supp. 644 (E.D.Va.1964).

dence to support the lower court's findings of fact both on the issue of the petitioner's presence during the selection of the jury which convicted him and the officers' knowledge of facts at the time of the arrest sufficient to justify White's arrest without a warrant.[2]  On this latter point, however, the petitioner insists that the officers' reliance upon a warrant at the time of his arrest precludes them now from asserting that regardless of the validity of the warrant, they had knowledge at that time of sufficient facts not set forth in the complaint upon which the arrest warrant was issued to arrest him legally.  The decided cases do not support this contention.

In Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), the Supreme Court overturned a ruling by the Fifth Circuit that the Government in that case possessed a valid arrest warrant at the time the defendant was taken into custody.  Despite this fact, Mr. Justice Harlan's opinion for the Court contained this statement:

> "This is not to say, however, that in the event of a new trial the Government may not seek to justify petitioner's arrest without relying on the warrant." 357 U.S. at 488, 78 S.Ct. at 1251.

This language was consistent with what the Court had observed some eight years before in United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 432, 94 L.Ed. 653 (1950):

> "Even if the warrant of arrest were not sufficient to authorize the arrest for possession of the stamps, the arrest therefor was valid because the officers had probable cause to believe that a felony was being committed in their very presence."

While the district court did not find it necessary to pass upon the validity of the arrest warrant, we think that document was clearly invalid because the complaint upon which it was issued contained only unsupported hearsay, without an allegation that the officers had reason to believe that their informer was trustworthy.[3]  Nevertheless, the fact that the authorities apparently relied upon an invalid arrest warrant would not invalidate the arrest and the search and seizures which took place as incidents thereof if the officers had adequate knowledge independent of the warrant to constitute probable cause.  Hagans v. United States, 315 F.2d 67, 69 (5 Cir.), cert. denied, 375 U.S. 826, 84 S.Ct. 68, 11 L.Ed.2d 58 (1963); Di Bella v. United States, 284 F.2d 897, 904 (2 Cir. 1960), reversed and vacated on another ground, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); cf. Williams v. United States, 273 F.2d 781 (9 Cir. 1959), cert. denied,

---

**2.** This being true, the simultaneous search for and seizure of certain evidence which was introduced against White at his trial were legally proper.  This conclusion, in turn, obviously makes it unnecessary for us to consider whether the petitioner waived any objections to the admissibility of this evidence which he might have had by not proceeding in accordance with the provisions of Rule 41(e) of the Federal Rules of Criminal Procedure.

**3.** In Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960), the Supreme Court held that hearsay is a constitutionally permissible basis for the issuance of a judicial warrant "so long as a substantial basis for crediting the hearsay is presented."  But see Aquilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), for the detailed information an affidavit to a magistrate in support of a request for a search warrant must contain to withstand an attack on constitutional grounds when the affidavit is based solely upon hearsay information, albeit reliable hearsay.  In Jones the Court was considering a search warrant, but since both an arrest warrant and a search warrant may be lawfully issued only upon probable cause, the holding there would seem to be equally applicable to the issuance of an arrest warrant.  See, on this point, Giordenello v. United States, 357 U.S. 480, 485–486, 78 S.Ct. 1245 (1958).  See also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), a case in which the Court held that an officer could arrest a suspect without a warrant on the basis of a statement received from an informant where the informant's statement was reasonably corroborated by other matters within the officer's knowledge.

362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868 (1960) (invalid search warrant; search validated because incident to an arrest based upon probable cause). As previously indicated, we think in this case that the arresting officers had sufficient independent knowledge to justify White's arrest irrespective of the warrant.

■ We next consider the petitioner's contention that the district court erred in its treatment of his Jencks Act motion.[4] During the course of the plenary hearing and after the testimony of each of the three F.B.I. agents who participated in his arrest, the petitioner moved the court under the provisions of 18 U.S.C.A. § 3500 that he be furnished "all statements of government witnesses pertaining to the subject matter of the [agent's] testimony and all papers in the F.B.I. file pertaining to the testimony of [the agent]." The district court granted the petitioner's motion, and the district attorney immediately furnished the petitioner with carbon copies from his files of all the reports which he had at that time which had been made by the three agents. The petitioner insisted that there must have been "field notes and other memoranda" in the file to which he was entitled in spite of each agent's denial that such notes existed. The court ordered the district attorney to place the file in its hands. The district court's opinion states:

"The Court has examined these documents and finds nothing in them that was contradictory to the testimony of the witnesses or supports the position of the petitioner on this motion."

■ We also have examined the contents of the file which was before the court below. While the district court's statement is true insofar as it goes, we think the court could and should have added that there were no statements in the F.B.I. file *made by the three agents* who testified at the § 2255 proceeding which were not furnished to the petitioner. The petitioner's request for "all papers in the F.B.I. file pertaining to the [agents'] testimony," if construed in its broadest sense, was beyond the scope of the Jencks Act. The statements of the informers who testified at the original trial which were made to the F.B.I. agents were not the statements of these agents, and they therefore were not required by virtue of the Act to be furnished to the petitioner.[5] United States v. Johnson, 337 F.2d 180, 202 (4 Cir. 1964), cert. granted, 379 U.S. 988, 85 S.Ct. 703, 13 L.Ed.2d 609 (1965).

We therefore hold that the district court not only complied with the provisions of the Jencks Act but that it went beyond the legal requirements to insure that the entire file contained nothing which would contradict the Government witnesses.[6]

Finally, we think it proper to take this occasion to commend the district judge for his patience during the two-day hearing at which the petitioner's

---

4. On this appeal the Government has strenuously argued that the Jencks Act is not applicable to actions involving a § 2255 petition because the Act itself contains language restricting it to "any criminal prosecution brought by the United States * * *." While it is true that a § 2255 proceeding is technically a civil action, we think it is sufficiently in the nature of a criminal proceeding that the provisions of 18 U.S.C.A. § 3500 should be applicable thereto. United States v. Kelly, 269 F.2d 448 (10 Cir. 1959), cert. denied, 362 U.S. 904, 80 S.Ct. 615, 4 L.Ed.2d 555 (1960).

5. We note, however, from our examination of the transcript of the original trial that these statements were made available to and apparently used by the petitioner's counsel at that proceeding. During the hearing on the § 2255 petition, the petitioner had this transcript before him, and he used it in his attempts to impeach the agents.

6. For a comprehensive discussion of the procedures, including the Jencks Act, designed to assist a federal criminal defendant in preparing his defense by compelling disclosure on the part of the Government of certain materials, see Everett, Discovery in Criminal Cases—In Search of a Standard, 1964 Duke L.J. 477.

insistence upon acting as his own lawyer after discharging his court-appointed counsel must have sorely tried the court's patience. We join in the petitioner's concluding statement:

"Your Honor, I would like to take this opportunity to thank you personally for your patience and understanding, so far as my inability was concerned. I am deeply grateful to you for your kindness, the consideration and all of the understanding you have showed me. I think that you have been, in that respect, more than fair, and I thank you sincerely, with all my heart."

There being no error, the order of the district court is

Affirmed.