Hugh C. BEAVERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19959.

United States Court of Appeals
Ninth Circuit.

Oct. 5, 1965.

Hugh C. Beavers, in pro. per.

William N. Goodwin, U. S. Atty.,
Michael Hoff, Asst. U. S. Atty., Seattle,
Wash., for appellee.

Before POPE, BARNES and MER-
RILL, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a denial of a
motion to vacate sentence under 28 U.S.C.
§ 2255. This court has jurisdiction. (28
U.S.C. § 2253.)

Appellant was sentenced (1) to a term
of twenty-five years after conviction of
having joined with other defendants in
robbing a federally insured bank with
force and violence, and at that time as-
saulting bank employees with loaded re-
volvers (18 U.S.C. § 2113) and (2) to a
five year term for conspiring to commit
such acts. (18 U.S.C. §§ 371 and 2113.)
The sentences ran concurrently.

Three errors are alleged: (1) that
there was a denial of effective assistance
of counsel; (2) that the government
knowingly used false and perjured testi-
mony; (3) that an oral recording of
statements made by the witness Carter,
"and at a subsequent date made to F.B.I.
agents" should have been produced under
the Jencks Act Rule.

I

Appellant, according to the F.B.I.
agents who interviewed him, was advised
of all his rights, including his right to
counsel. Appellant had already engaged
an attorney, one James Dennis, and pre-
sumably had been advised of his rights

by his own attorney. Whether he was so advised or not, after conferring with his own attorney, and being advised by the F.B.I. agents of his right to counsel and to remain silent, he chose to talk. He then spoke willingly and freely to the agents, who apparently (although it does not appear on the record before us) repeated his statements at the trial.

Unlike many § 2255 appellants, here the appellant admits in his reply brief the truth of the F.B.I. agents' testimony as to his being advised of his rights, but urges he should have been given time after being so notified of his rights before being asked if he had participated in the bank hold-up. We know of no such rule of law, or any case supporting such a unique theory. The facts in this case, then, are not similar to those of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), or Lee v. United States, 322 F.2d 770 (5th Cir. 1963), or Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964)—the three cases on which appellant principally relies. In Escobedo, the appellant had an attorney; he was not permitted to see him, nor advised of his right to keep silent. Lee had no attorney, and no knowledge he had the right to an attorney, before making admissions. Wright had no attorney and no knowledge he could have one, when he entered his guilty plea.

Appellant having had an attorney, and knowing that he had the right to see his attorney before speaking, and knowing he had the right to remain silent, chose to talk. He cannot now be heard to claim what he said was the result of coercion.[1]

II—*Alleged Use of Perjured Testimony*

■ Appellant does not believe his co-defendant Robert Carter told the truth when he testified he was given no promises with respect to leniency if he would testify at appellant's trial, other than the right to plead to one count, and have the others dismissed. Carter had entered a guilty plea to one count prior to his testimony; frankly admitted he understood that other counts "would be" dismissed. He had also made "a clean breast" as to his conduct in California (where presumably other bank robberies had taken place).

Appellant refers to his affidavit made a part of his motion to vacate, and insists the affidavit states "that Robert Carter had personally stated before witnesses that promises had been made to him by agents of the F.B.I." Nowhere does appellant name the witness or witnesses "before whom" Carter allegedly made this statement, or state what such promises were. Nevertheless the court at the hearing below assumed as a fact appellant would testify such a statement was made by Carter in his (appellant's) presence. Assuming that, the judge who had once heard such testimony took the precaution of having the testimony of Carter with respect to any promises transcribed by the court reporter.

The transcript discloses cross-examination by counsel for appellant at this trial on the very question here involved: whether Carter had received any promises of leniency during the trial. Either the appellant knew then what Carter had allegedly said to him, or his attorney was on a fishing expedition. (Tr. 7–8.) The witness Carter frankly admitted he had, upon advice of his attorney, pleaded guilty to one count with the understanding the others would be dismissed.

We have before us the appellant's affidavit. We note nowhere is there a direct charge that Carter committed perjury on the stand. The appellant "has reason to believe" he did. "Such belief" is predicated upon alleged statements of Carter allegedly made before unnamed witnesses. No recital of specific or detailed facts are given. Further, the affidavit is not sworn to as a recital of facts, but alleged true on his own "information and

---

1. The conclusion here reached is in accordance with and supported by this court's decision in Loftis v. Eyman, 350 F.2d 920, decided September 20, 1965, where the court stated with respect to the prisoner that "he did *not* ask to call an attorney."

belief." Nowhere is it alleged what "perjury" was knowingly used by the prosecution.

> "In order to obtain a hearing under Sec. 2255, a petitioner must make a more substantial showing than merely charging perjury and making the unsupported claim that perjured testimony was knowingly used by the prosecuting authorities.
>
> \*   \*   \*   \*   \*   \*
>
> Appellant's petition \* \* \* fails to aver the existence of facts to support such [his] conclusions [of perjury]. His unsupported broad charges will not suffice." United States v. Spadafora, 200 F.2d 140, 143 (7th Cir. 1952).

The court assumed that the appellant, if called, would state what appears in appellant's affidavit, no more and no less. Having himself tried the case, and having reviewed the testimony Carter and four F.B.I. agents gave at the trial, the court was in a far better position than we to determine what promises were or were not made to Carter. And even if we assume Carter did state to appellant he (Carter) had been promised leniency, that does not prove nor establish either that Carter had *perjured himself;* or that the government had *knowingly used* perjured testimony to convict appellant. As the court said in Spadafora, supra: "Certain it is that appellant has failed to point to any place in the record which could properly be the basis of his claim that perjured evidence was knowingly used to obtain his conviction." (200 F.2d at 143.)

### III—*The Jencks Act*

Appellant apparently fails to realize the Jencks Act by its terms refers to "any statement" of a witness produced by the United States which is *in the possession* of the United States. It is undisputed that the recording here sought was in the possession of state authorities in San Mateo, California.

Appellant knew where the recording was, and could have himself subpoenaed it, but chose not to do so (Tr. 9).

He also knew no verbatim statement was written up, but that a report of the interview was a summary made out by Agent Fischer from notes and memory. Carter was not asked to sign anything, nor to "adopt" nor to "approve" any statement. The interview report thus does not fall within the provisions of 18 U.S.C. § 3500 (e) (1).

Further, the Jencks Act can have no application here because this is a proceeding under 28 U.S.C. § 2255. It is an elementary proposition that in such proceedings as well as those in habeas corpus, we are dealing with a collateral proceeding in which errors in procedure on the initial trial of the case are not open for review. Black v. United States, 269 F.2d 38, 41–42 (9th Cir. 1959); United States v. Angelet, 255 F.2d 383, 385 (2d Cir. 1958).

The order of the district court denying appellant's motion to vacate sentence is affirmed.