**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Morris HODGES, II, Defendant-Appellant.**

**No. 73-2805**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

William F. Walsh, Houston, Tex., William M. Ravkind, Dallas, Tex., W. B. "Bennie" House, Jr., Houston, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

On May 25, 1972, in the Eastern Division of the United States District Court for the Western District of Texas, William Morris Hodges, II, was sentenced on his plea of guilty to possessing with intent to distribute marihuana, 21 U.S. C., § 841(a)(1). The sentence was that he be committed to the custody of the Attorney General for imprisonment for the period of five years and two years special parole time, the execution thereof suspended and defendant placed under supervised probation for five years.

Thereafter, the United States Attorney filed a motion to revoke probation, alleging that during the period of his probation, Hodges had conspired to import marihuana into the United States and to distribute the same.

An evidentiary hearing was held before District Judge Jack Roberts on June 21, 1973. The evidence indicated overwhelmingly that Hodges had, indeed, violated the terms of his probation. Thereupon, the District Court revoked probation and imposed the sentence which originally had been suspended. Hodges gave notice of appeal and, so far as the record reveals, is at large under $15,000 bond.

As already indicated, the evidence presented by the United States was more than ample to warrant revocation.

■ The appellant vigorously complains of the testimony given by one Larry Gene Baugh, who had been granted immunity. This attack could go only to the credibility of Baugh, which Counsel for Hodges subjected to a searching, but ineffective, dissection. Obviously, the District Judge credited Baugh's testimony. That ended this aspect of the case.

■■ During the course of the revocation hearing, it was developed that, in return for immunity, Larry Gene Baugh on May 24, 1973, had given a statement to the United States Attorney which had incriminated Hodges in illegal marihuana activities. When Baugh took the stand, his counsel, invoking the Jencks Act, 18 U.S.C., § 3500, moved for the production of this statement. The Government objected on the grounds that the statement involved other individuals not yet indicted or tried and further contended that the Jencks Act refers only to "trials" and not "hearings".

The objection was sustained and the statement was not produced.

The pertinent portion of the Jencks Act reads as follows:

"In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

The Jencks Act, in plain language, applies only to a criminal prosecution, and this Court has so held, Campbell v. Eastland, 5 Cir., 1962, 307 F.2d 478, cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed. 2d 502.

We have also held Jencks Act discovery not to be available in a pre-trial hearing on a motion to suppress, United States v. Montos, 5 Cir., 1970, 421 F.2d 215, 220, cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532.

The Tenth Circuit has held Jencks applicable to motions to vacate sentence and the Fourth Circuit agrees. United States v. Kelly, 10 Cir., 1959, 269 F.2d 448; United States v. White, 4 Cir., 1965, 342 F.2d 379. The Ninth Circuit disagrees, Beavers v. United States, 9 Cir., 1965, 351 F.2d 507.

We are of the opinion that the Jencks Act had no application to the revocation hearing here in issue. Hodges had pleaded guilty to the offense, he had been sentenced, and there was no attack on the validity of that sentence. The question was whether or not he should be required to serve the sentence for failure to observe the terms of his probation. No question of guilt or innocence was involved. It is not to be overlooked that the Jencks Act not only speaks in terms of a criminal prosecution but proceeds to provide that if the United States elects not to comply with a Jencks order the trial court may, in its discretion, declare a mistrial. Obviously, therefore, the Act was intended to apply only to those proceedings conducted for the purpose of ascertaining the guilt or innocence of a defendant when put to trial under an appropriate indictment or information.

The Judgment of the District Court, revoking probation for Hodges, is

Affirmed.