**UNITED STATES of America, Appellee,**

v.

**William Joseph MURPHY, Appellant.**

**No. 77–1162.**

United States Court of Appeals, Third Circuit.

Argued Dec. 1, 1977.

Decided Jan. 11, 1978.

Certiorari Denied April 3, 1978. See 98 S.Ct. 1588.

---

6. *See e.g.,* Comment, The Seat Belt Defense—A Valid Instrument of Public Policy, 44 Tenn.L. Rev. 119, 120–21 (1977).

Leonard I. Sharon, Pittsburgh, Pa., for appellant.

Blair A. Griffith, U. S. Atty. by Edward J. Schwabenland, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, GARTH, Circuit Judge, MEANOR,* District Judge.

## OPINION OF THE COURT

MEANOR, District Judge.

The defendant was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We find that of the many appellate assaults he makes on his conviction, only one issue merits discussion. That concerns a recurring question which nonetheless previously has not been considered by this court—whether the Jencks Act, 18 U.S.C. § 3500, is applicable to a pre-trial motion to suppress.

Prior to trial defendant moved to suppress the identification evidence of four government witnesses.[1] Following an evi-

---

* H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by designation.

1. F.R.Cr.P. 12(b)(3) requires that such a motion be made in advance of trial.

dentiary hearing on the motion, it was denied. At the conclusion of the direct examination of each government witness who testified at the identification suppression hearing, defendant, through counsel, moved for the production of the prior statements of these witnesses pursuant to 18 U.S.C. § 3500—colloquially called "Jencks material" or "3500 material."[2] The district court repeatedly held that the statements of these witnesses could not be compelled during the pre-trial hearing, noting that such statements could only be made available during the trial itself.

As was stated in *United States v. Covello*, 410 F.2d 536, 543 (2nd Cir. 1969), *cert. den.*, 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969), *rehearing den.*, 397 U.S. 929, 90 S.Ct. 897, 25 L.Ed.2d 110 (1970), the Jencks Act came into being to "qualify the loose interpretations the lower federal courts" had given *Jencks v. United States, supra*. The legislative history plainly bears this out.[3] Also, as *Covello* stated, it is highly probable that Congress did not consider whether Jencks material should be made available during pre-trial evidentiary hearings. The legislative history is clear, however, that Congress was greatly concerned with the timing of surrender to defendants of the statements of government witnesses. One class of cases following the Jencks decision that were a particular target of the act had required divulgence of such statements far in advance of trial.[4] Hence, the Jencks Act flatly states that disclosure of prior statements by government witnesses may not be compelled "until said witness has testified on direct examination *in the trial of the case.*" (Emphasis added.) The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial.[5] Trial in this context means a proceeding being conducted for the purpose of determining guilt or innocence. *United States v. Hodges*, 489 F.2d 212 (5th Cir. 1973).

In the precise situation before us—a pre-trial evidentiary hearing resulting from a motion to suppress—federal appellate authority is unanimous in precluding district courts from ordering surrender of Jencks material during such a proceeding.[6] In the related contexts of pre-trial dis-

---

2. The Jencks Act, 18 U.S.C. § 3500, so named because of the case whose reach it sought to modify, *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), provides in pertinent part as follows:

    (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination *in the trial of the case.*
    (Pocket part. Emphasis added.)
    (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

3. See [1957] U.S.Code Cong. and Admin.News, pp. 1861 to 1870.

4. *Id.* at 1863 and 1865–67.

5. Fortunately, there is a prevailing practice by government attorneys of delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures. That is a salutary practice and we encourage it.

6. *United States v. Covello, supra; United States v. Sebastian*, 497 F.2d 1267 (2nd Cir. 1974); *United States v. Montos*, 421 F.2d 215 (5th Cir. 1970), *cert. den.*, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); *United States v. Curran*, 498 F.2d 30, 36 (9th Cir. 1974); *United States v. Spagnuolo*, 515 F.2d 818 (9th Cir. 1975). The opinions in *Covello* and *Sebastian* also satisfactorily distinguish *United States v. Foley*, 283 F.2d 582 (2nd Cir. 1960), upon which defendant relies.

covery[7] and preliminary probable cause hearings conducted pursuant to F.R.Cr.P. 5(c),[8] again the decisions of the Courts of Appeals are unanimous in holding that during such proceedings the surrender of Jencks material may not be compelled. We, therefore, hold that the district court was correct in denying defendant's motions to order the government to divulge Jencks material during the suppression hearing. This result, of course, in no way impairs the government's constitutional obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The only appellate decision of which we have been made aware holding that Jencks material may be compelled during a pre-trial hearing on a motion to suppress evidence is *United States v. Dockery*, 294 A.2d 158 (D.C.App.1972).[9] We decline to follow *Dockery* because it diverges from unanimous Court of Appeals holdings on this issue, because we believe it is contrary to the unambiguous language of the Jencks Act and because we believe it misreads the legislative history of that act.[10]

■ Even if we were free to reach a contrary result, as a matter of policy we would not do so. Were we to hold that Jencks material was the subject of required disclosure at pre-trial suppression hearings there would be significant danger that suppression motions would be noticed, not for their stated purpose, but as a discovery device, unavailable to those not able to trigger such a hearing in the context of their cases. If discovery is to be enlarged in federal criminal matters, it should be accomplished by general rule.[11]

The judgment of the district court will be affirmed.[12]

7. *United States v. Percevault*, 490 F.2d 126 (2nd Cir. 1974); *United States v. McMillen*, 489 F.2d 229 (7th Cir. 1972), *cert. den. sub nom., Siegel v. McMillen*, 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 687 (1973), (mandamus issued to require district judge to vacate his order requiring turnover in advance of trial of material within scope of Jencks Act); *United States v. Lyles*, 471 F.2d 1167 (5th Cir. 1973), *cert. den.*, 419 U.S. 851, 95 S.Ct. 92, 42 L.Ed.2d 82 (1974). The Supreme Court has held that the Jencks Act is the exclusive means whereby defendants may obtain statements of government witnesses. *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). F.R.Cr.P. 16(a)(2) specifically exempts Jencks material from discovery.

8. *Robbins v. United States*, 476 F.2d 26, 31 (10th Cir. 1973). *See also Gibson v. Halleck*, 254 F.Supp. 159 (D.D.C.1966).

9. *United States v. Greer*, 297 F.Supp. 1265, 1272 (N.D.Miss.1969) also so holds. *Greer*, however, does not survive the Fifth Circuit's contrary result in *United States v. Montos, supra*, n. 8.

10. Apparently the practice prevails in the District of Columbia of surrendering Jencks material at pre-trial evidentiary hearings. That this is a voluntary practice and is not judicially compelled seems apparent from *United States v. Perry*, 153 U.S.App.D.C. 101, 111, 471 F.2d 1057, 1067, n. 43 (1972). There is nothing in the Jencks Act which would prevent voluntary pre-trial disclosure of Jencks material by a government attorney. *See, e. g., United States v. Percevault, supra*, 490 F.2d at 132; *United States v. Sebastian, supra*, 497 F.2d at 1270.

11. There is some authority for requiring Jencks material at post-trial hearings. *United States v. White*, 342 F.2d 379 (4th Cir.), *cert. den.*, 382 U.S. 871, 86 S.Ct. 148, 15 L.Ed.2d 109 (1965), and *United States v. Kelly*, 269 F.2d 448 (10th Cir. 1959), *cert. den.*, 362 U.S. 904, 80 S.Ct. 615, 4 L.Ed.2d 555 (1960), hold that disclosure pursuant to the Jencks Act may be required in a proceeding brought pursuant to 28 U.S.C. § 2255. *Contra, Beavers v. United States*, 351 F.2d 507 (9th Cir. 1965). In *United States v. Hodges*, 489 F.2d 212 (5th Cir. 1973), the court refused to overturn a decision denying Jencks material in a proceeding to revoke probation. *Levy v. Parker*, 316 F.Supp. 473 (M.D.Pa.1970) applied the Jencks Act to a habeas corpus action brought by a federal prisoner who had been sentenced by a military court. This question was not involved in the subsequent appeals, *Levy v. Parker*, 478 F.2d 772 (3d Cir. 1973), *rev'd sub nom., Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). No issue concerning the availability of Jencks material in a post-trial evidentiary hearing is before us, and we leave its resolution to another day.

12. Defendant has also raised the following contentions on this appeal:

(1) the pre-trial identification procedure during which time eyewitness Donald Bussard viewed the defendant was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification;

(a) the in-court identification was the direct result of the impermissibly suggestive pre-trial identification procedure and should have been excluded by the district court, and

(b) the pre-trial identification procedure was impermissibly suggestive and reference thereto should have been excluded by the district court;

(2) the line-up employed was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification;

(a) the in-court identifications by witnesses Clark, Heckman and Williams were the direct result of the suggestive line-up and should have been excluded by the district court, and

(b) the pre-trial identification procedure was impermissibly suggestive and reference thereto should have been excluded by the district court; and

(3) the district court erred in denying defendant's motion for dismissal of the indictment pursuant to 18 U.S.C. §§ 3161–3174, the Speedy Trial Act of 1974.

We have examined each of these issues and find them without merit.