**UNITED STATES of America, Plaintiff,**

v.

**James David OSTICCO, Defendant.**

**Crim. No. 82–00149–01.**

United States District Court,
M.D. Pennsylvania.

May 12, 1983.

Eric H. Holder, Jr., and Richard F. Green, U.S. Dept. of Justice, Public Integrity Section, Crim. Section, Washington, D.C., for plaintiff.

Thomas Colas Carroll, John Rogers Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. Introduction

Defendant has filed a motion for a bill of particulars and a motion for discovery in the above-captioned criminal matter. For the reasons set forth below the particulars motion is denied in part and granted in part and the discovery motion is denied.[1]

### II. Background

On October 19, 1982, a federal grand jury returned a two count indictment charging defendant and Charles F. Cortese with violations of 18 U.S.C. §§ 371 and 1503. Count One is directed at a conspiracy to obstruct justice by influencing a petit juror, Roseanne M. Donahue (then Cortese's wife), to vote "not guilty" in a 1977 federal criminal trial. In relevant part, the conspiracy statute, 18 U.S.C. § 371, provides as follows: "If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both." Count Two charges a violation of 18 U.S.C. § 1503, one of the obstruction of justice statutes, which in applicable part states as follows: "Whoever corruptly . . . endeavors to influence . . . any grand or petit juror . . . in the discharge of his duty . . . shall be fined not more than $5,000 or imprisoned not more than five years, or both."

### III. The Bill of Particulars Motion

The bill of particulars motion consists of twelve (12) requests for expansion on parts of the indictment. We have recently had occasion to conduct a thorough review of the law regarding bill of particulars and discovery motions. *See United States v. Lovecchio,* 561 F.Supp. 221 (M.D.Pa.1983). In accordance with our discussion in *Lovecchio,* we have examined defendant's requests for the possibility that nondisclosure of the information sought may lead to an inability of defendant to prepare his case adequately or subject him to surprise at trial or to a later risk of double jeopardy.

█ Basically, we have found that the indictment is devoid of these problems. In only limited respects do we feel that the government should furnish additional information. First, in paragraph 5(b) of Count One of the indictment, defendant is alleged to have given Cortese $1,000 and "other things of value." Request 3 of defendant's motion seeks to learn what these items were, and we shall direct the government to clarify this vague phrase and provide defendant with a list of the specific items. Likewise we find that paragraph 10 of Count One requires clarification and we shall grant partially request 5 of defendant. We direct that the government provide defendant with dates or at least approximate dates of the "approximately six occasions" on which Frank Parlopiano, directed by defendant, gave money to Cortese for Cortese's legal expenses. We also find that request 7 of defendant should be granted and we shall require the government to indicate whether the allegations in paragraph 11 of Count One were tape recorded or otherwise monitored and, if so, to indicate the tape and section thereof on which this statement appears. In all other respects we find the indictment more than sufficient in its specificity and we shall not require the government to provide the details defendant seeks.

### IV. The Discovery Motion

Defendant's discovery motion is subdivided into the following seven parts:

1. Rule 16 Mandatory Items
2. Further Discovery Regarding Frank Parlopiano
3. Sources of Certain Evidence
4. Electronic Surveillance
5. Agreements and Understandings With Government Witnesses
6. Rough Notes of Investigators

---

1. Because of the uncomplicated nature of the information sought in these motions and the well-drafted briefs submitted thereon, we have determined that a hearing need not be held.

**7. Specific *Brady* Demands**

Defendant's motion indicates that the Rule 16 section was included "so as to obtain confirmation from the Government to insure that there is no misunderstanding between the parties." The government's response essentially echoes defendant's conception of the agreed-upon disclosures, with the exception of the possible use of defendant's prior criminal record at trial. Therefore, we will confine our discussion to areas on which we have been requested to rule.

Defendant has asked that the government be required to furnish certain materials prior to the deadline set for the filing of substantive motions. These materials include all documents and tangible objects that the government may use as part of its case-in-chief at trial. None of these materials were obtained from or belonged to defendant, and defendant has not advanced any persuasive reasons for the timetable he has suggested. Accordingly, we will uphold the ten (10) day prior to trial deadline set in paragraph 5 of our original pretrial order of October 28, 1982. As paragraph 6 of that order indicates, defendant will have an opportunity to contest the admissibility of these government exhibits.

 With regard to information requested about Frank Parlopiano or Parr, who appears to be the major government witness/informant in this matter, the government has responded to questions dealing with Parlopiano's prior criminal record, the period during which he provided confidential information, and his involvement or non-involvement in the alleged jury tampering in the federal criminal trial that led to the present indictment. The government has argued, and we agree, that disclosure should be denied on informing defendant of other investigations in which Parlopiano acted as a government informant, providing defendant with all FBI reports encompassing Parlopiano's informant status and activities, and divulging financial arrangements during such periods. The government has cooperated in making disclosures regarding Parlopiano's status in the present matter. As the government has pointed out, some of the information sought has not yet been disclosed but will be provided pursuant to 18 U.S.C. § 3500 (Jencks Act) and we will therefore deny parts i, ii, and v of this request. The government has indicated its willingness to provide the information within the week prior to trial. We would encourage the government to provide the information one week to ten days prior to trial since we feel this would help trial to progress smoothly and without undue delay, but, of course, we cannot order such early disclosure. *See, e.g., United States v. Murphy*, 569 F.2d 771 (3d Cir.) *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978).

Requests 3 and 4 of defendant's motion, dealing with sources of evidence and electronic surveillance, have been completely answered and are denied as moot. Requests 5 and 6, addressing agreements and understandings with government witnesses and rough notes of investigators, are essentially Jencks Acts requests and our conclusions thereon are the same as with other such materials we have discussed. See p. 729, *supra*. In fact, defendant has indicated that he does not seek a ruling on request 6 but simply wishes to put the government on notice that the investigators' rough notes will be requested.

 Finally, defendant has made several specific demands for materials, which demands he alleges are encompassed by the holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We feel, however, that the defendant's request for statements of Parlopiano "which are colorably inconsistent with ... [his] anticipated trial testimony" are essentially Jencks Act requests. *Brady* materials are exculpatory and mere inconsistence of statements of a government witness with what will probably be his trial testimony stretches the *Brady* rationale far beyond its logical reach. Accordingly, this portion of defendant's request is denied. In response to another part of defendant's request, the government has indicated that it has no information tending to show that Frank Parlopiano induced defendant to engage in

the criminal activity encompassed by the indictment. The government has also answered the last part of defendant's request by conceding that Parlopiano asked co-defendant Cortese to give false grand jury testimony but at the behest of defendant.

In accordance with the foregoing discussion, an appropriate order will be entered.

## ORDER

AND NOW, this 12th day of May, 1983, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for a bill of particulars is granted to the following extent and the government shall provide the following information to defendant within ten (10) days of the date of this order:

 a. A list specifying the "other things of value" referred to in paragraph 5(b), Count One, of the indictment.

 b. The dates or approximate dates of the "approximately six occasions" on which Frank Parlopiano, directed by defendant, gave money to Charles Cortese for Cortese's legal expenses.

 c. Whether the allegations in paragraph 11, Count One, of the indictment were tape recorded or otherwise monitored and, if so, the tape and section thereof on which this material appears.

2. Defendant's motion for discovery is denied with regard to the areas on which we have been requested to rule. The government is encouraged to provide Jencks Act. 18 U.S.C. § 3500, materials one week to ten (10) days prior to trial.