**UNITED STATES of America, Plaintiff,**

v.

**Louisa AMEPEROSA, Defendant.**

**Cr. No. 89–00589–01 ACK.**

United States District Court, D. Hawaii.

Jan. 18, 1990.

---

Daniel A. Bent, Elliot Enoki, U.S. Attys. Office, Honolulu, Hawaii, for plaintiff.

Hayden Aluli, Federal Public Defenders Office, Honolulu, Hawaii, for defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR PRODUCTION OF GOVERNMENT REPORTS

KAY, District Judge.

### INTRODUCTION

The sole issue presented by the instant motion is whether Title 18 U.S.C. § 3500 (as amended 1970) ("Jencks Act"), which by its terms is limited to providing defendants with government witnesses' statements only after the witness has testified on direct examination in the trial of the case, should be extended to providing government witnesses' statements to defendants at sentencing hearings, where the defendant has pled guilty to the crime with which he is charged. This issue appears to be one of first impression. For the reasons discussed herein, this Court holds that the Jencks Act does apply to a contested sentencing hearing where the defendant has pled guilty.

### BACKGROUND

The Defendant, Louisa Ameperosa, was indicted by the District of Hawaii Grand Jury in a single Count on May 3, 1989. The Indictment charged that between on or about June 29, 1988 and October 15, 1988 at the Moanalua Shopping Center, situated on United States government property, Defendant did take and carry away with intent to steal and purloin, the personal property of the Moanalua 7–Eleven Store owned by Southland Corporation ("7–Eleven") in an amount exceeding $100.00, in violation of 18 U.S.C. § 661. On August 28, 1989, Defendant pled guilty to the charge.

On December 19 and 26, 1989, this Court presided over the sentencing hearing of Defendant held pursuant to Fed.R.Crim.P. 32(c)(3) and United States Sentencing Commission, *Guidelines Manual,* § 6A1.3 ("Sentencing Guidelines"). At issue was the amount of the loss suffered by 7–Eleven that should be attributed to Defendant. If the Court were to find that the loss attributed to Defendant was between $10,001 and $20,000, the base offense level would be 9. If the Court were to find that

the loss attributed to Defendant was between $20,001 and $50,000, the base offense level would be 10: Defendant contended she was responsible for only $12,000 of the loss.

At the evidentiary hearing, Federal Bureau of Investigation ("FBI") agent Gregg Harmon testified that the 7–Eleven lost a total of $42,482.73 due to misappropriation during the period of June 19, 1988 through October 15, 1988. Pursuant to Title 18 U.S.C. § 3500(b), Defendant moved this Court by way of oral motion for production of the FBI reports ("FBI 302's") prepared by agent Harmon for the purpose of determining the amount of the loss suffered by 7–Eleven that should be attributed to Defendant's misappropriation. Defendant intended to use the FBI 302's as an aid in cross-examination of agent Harmon.

## DISCUSSION

The Government opposed Defendant's motion, arguing that the Jencks Act does not apply to a sentencing hearing. Title 18 U.S.C. § 3500, states in relevant part:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

In *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), the case from which the Jencks Act derived its name, the United States Supreme Court stated its reasons for allowing the defendant access to government documents at the time of trial:

Every experienced trial judge and trial lawyer knows the value for impeaching purposes of statements of the witness recording the events before time dulls treacherous memory. Flat contradiction between the witness' testimony and the version of the events given in his reports is not the only test of inconsistency. The omission from the reports of facts related at the trial, or treatment are also relevant to the cross-examining process of testing the credibility of a witness' trial testimony. *Jencks*, 353 U.S. at 667, 77 S.Ct. at 1013.

The rationale of requiring the Government to produce Jencks Act material at trial is the following:

Since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense. *United States v. Rosa*, 891 F.2d 1074, 1077 (3rd Cir.1989).

The Government claims that compelling production of Jencks Act material at a sentencing hearing would complicate and lengthen proceedings and put the Government to a burden that is not required of it by law. In support of its position, the Government relied primarily upon the decision by the United States Court of Appeals, Third Circuit in *United States v. Murphy*, 569 F.2d 771 (3rd Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978) for the proposition that Jencks Act material is producible *only* at trial. Regarding the scope of 18 U.S.C. § 3500, the Third Circuit stated:

The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the courts of appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at

the trial. Trial in this context means a proceeding being conducted for the purpose of determining guilt or innocence. *Murphy*, 569 F.2d at 773.

The Government also relied upon *United States v. Hodges*, 489 F.2d 212 (5th Cir. 1973) in support of its proposition that Jencks Act material is not discoverable at a contested sentencing hearing. But *Hodges* dealt not with a sentencing hearing but with an evidentiary hearing held pursuant to revocation of the defendant's probation for violation of the terms of his probation. The *Hodges* decision does not support the Government's proposition because there was no attack in that case on the validity of the sentence. *Id.* at 214. The instant issue deals with a contested sentencing hearing wherein factual allegations by a Government witness are relevant to both the validity and terms of Defendant's sentence.

Neither party cited a December 8, 1989 decision by the United States Court of Appeals, Third Circuit that addressed the instant issue and expressly rejected the Government's interpretation of *United States v. Murphy*, stating:

> Murphy involved a request that Jencks Act material be produced at a pretrial suppression hearing, not at a post-trial sentencing hearing. Thus, when the district court rejected Murphy's request, we affirmed the district court, emphasizing that Jencks Act material "was not available prior to trial." *Rosa*, 891 F.2d at 1077, *quoting, Murphy*, 569 F.2d at 774.

The Third Circuit, in *Rosa*, overturned the district court's decision to deny the defendant Jencks Act material at a sentencing hearing after the defendant pled guilty to the charge. The Third Circuit held:

> We believe the sentence imposed on a defendant is the most critical stage of criminal proceedings, and is, in effect, the "bottom-line" for the defendant, particularly where the defendant has pled guilty. This being so, we can perceive no purpose in denying the defendant the ability to effectively cross-examine a government witness where such testimony may, if accepted, add substantially to the defendant's sentence. In such a set-

ting, we believe that the rationale of *Jencks v. United States*, supra, and the purpose of the Jencks Act would be disserved if the government at such a grave stage of a criminal proceeding could deprive the accused of material valuable not only to his defense, but to his very liberty. *Rosa*, 891 F.2d at 1079.

In an earlier decision in *United States v. Fatico*, 458 F.Supp. 388, 400 (E.D.N.Y. 1978), *aff'd*, 603 F.2d 1053 (2d Cir.1979), *cert. denied*, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980), District Judge Weinstein opined that the need for Jencks discovery is just as great at a sentencing hearing to determine a critical fact not established at trial that directly affects the defendant's liberty, as it would be at trial. While believing that the rationale of the "questionable nature of the Second Circuit's rigidly narrow construction of the Jencks Act" in cases involving pre-trial suppression hearings likewise governed sentencing hearings; Judge Weinstein pointed out that denial of Jencks material at sentencing is even more damaging since "[u]nlike a pre-trial hearing, which may be followed by a trial at which the defendant is afforded full procedural protections, sentencing is the end of the line." *Id.* at 399, 400.

Sentencing of the defendant in *Rosa* was not governed by the Sentencing Guidelines because his offense occurred in 1984. Nevertheless, the Third Circuit stated by way of dictum in a footnote, and this Court agrees:

> [O]ur holding today may assume even greater importance when it is implemented in Guidelines cases. In those cases, the judge has much less leeway to moderate a sentence based upon perceived weaknesses in the government's case, but rather is obliged to sentence within Guideline range based upon specific fact findings which need not be made beyond a reasonable doubt. * * * [T]he need by a defendant for prior statements made by government witnesses called to testify against him, may be even more imperative ... when his sentence is mandated

1482

by the Guidelines. *Rosa*, 891 F.2d at 1079 n. 3.

Modifications of the express language of the Jencks Act's limitation on compelling production of Government reports to the trial setting are being recognized and adopted. For example, Rule 12(i) of the Federal Rules of Criminal Procedure has been amended to require production of Jencks Act material at motions to suppress evidence:

> (i) Production of Statements at Suppression Hearing. Except as herein provided, rule 26.2 (Jencks Act) shall apply at a hearing on a motion to suppress evidence under subdivision (b)(3) of this rule. Rule 12(i), Fed.R.Crim.P.

Moreover, *United States v. White*, 342 F.2d 379 (4th Cir.), *cert. denied*, 382 U.S. 871, 86 S.Ct. 148, 15 L.Ed.2d 109 (1965) stated that Jencks Act material should be produced at proceedings held pursuant to 28 U.S.C. § 2255:

> On this appeal the Government has strenuously argued that the Jencks Act is not applicable to actions involving a 2255 petition because the Act itself contains language restricting it to "any criminal prosecution brought by the United States * * *." While it is true that a 2255 proceeding is technically a civil action, we think it is sufficiently in the nature of a criminal proceeding that the provisions of 18 U.S.C. 3500 should be applicable thereto. *White*, 342 F.2d at 383 n. 4, *citing, United States v. Kelly*, 269 F.2d 448 (10th Cir.1959), *cert. denied*, 362 U.S. 904, 80 S.Ct. 615, 4 L.Ed.2d 555 (1960); *cf. Beavers v. United States*, 351 F.2d 507 (9th Cir.1965).

While the *Hodges* court noted that the Tenth Circuit and the Fourth Circuit had held *Jencks* applicable to motions to vacate sentence, it cited the Ninth Circuit as disagreeing in *Beavers v. United States*, 351 F.2d 507 (9th Cir.1965). *Beavers* held:

> [T]he Jencks Act can have no application here because this is a proceeding under 28 U.S.C. § 2255. It is an elementary proposition that in such proceedings as well as those in habeas corpus, we are dealing with a collateral proceeding in which errors in procedure on the initial trial of the case are not open for review. *Beavers*, 351 F.2d at 509, *citing, Black v. United States*, 269 F.2d 38, 41–42 (9th Cir.1959) and *United States v. Angelet*, 255 F.2d 383, 385 (2nd Cir.1958).

*Beavers*, *Black*, and *Angelet* involved a challenge in a § 2255 collateral proceeding to a denial of Jencks material at the trial stage, as distinguished from consideration of a request for Jencks material made during a sentencing hearing by a defendant who has pled guilty; and in any event these three cases were decided many years before the advent of the Sentencing Commission Guidelines and the "mini-trial" contemplated thereunder at sentencing.

This Court is in agreement with the *Rosa* decision in its conclusion that the rationale of *Jencks v. United States* and the purpose of the Jencks Act itself would be disserved if the Government at such a grave stage of a criminal proceeding could deprive the defendant of material valuable to his very liberty. Therefore, this Court concludes there is no legitimate purpose in denying Defendant the ability to effectively cross-examine agent Harmon through use of the FBI 302's which that agent prepared for prosecution of Defendant. The Government's expressed concerns that allowing production of Jencks Act material at a sentencing hearing would complicate and lengthen proceedings and put the Government to a burden that is not required by law, pale in contrast with this Court's and society's concern that a criminal defendant be sentenced fairly and to only such periods of incarceration as the facts of the crime warrant under the Sentencing Guidelines.

In addition, there is an important practical consideration that favors compelling Jencks Act material at a sentencing hearing where a defendant has pled guilty. If a trial court were to deny defendants' motions to compel the Government to produce such material at a sentencing hearing, in the future defendants could simply do an end-run around such a rule by merely postponing their plea of guilty until after production of Jencks Act material which in

this district the United States Attorney makes on the Friday preceding trial. Such a practice would constitute a clear waste of judicial resources as well as provide added expense to both the Government and the criminal defendant.

In *State of Arizona v. Manypenny,* 672 F.2d 761 (9th Cir.), *cert. denied,* 459 U.S. 850, 103 S.Ct. 111, 74 L.Ed.2d 98 (1982), the Ninth Circuit upheld the well-established rule that in the absence of controlling authority to the contrary, a district court may issue such orders as are necessary to ensure justice:

> Exercise of judicial power by entry of orders not expressly sanctioned by rule or statute in order to correct the legal process or avert its misfunction has been approved in varied circumstances. *Eg., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764-67 [100 S.Ct. 2455, 2463-65, 65 L.Ed.2d 488] (1980) (assessing costs against parties or attorneys); *Cooke v. United States,* 267 U.S. 517, 534 [45 S.Ct. 390, 394, 69 L.Ed. 767] (1925) (contempt power); *United States v. Armstrong,* 621 F.2d 951, 954-55 (9th Cir.1980) (allowing inspection of property belonging to third parties); *Franquez v. United States,* 604 F.2d 1239 (9th Cir.1979) (ordering jury trial on an issue when not contemplated by statute); *In re Sealed Affidavit(s) to Search Warrants (Agosto),* 600 F.2d 1256 (9th Cir.1979) (sealing papers filed with the court); *United States v. Simmons,* 536 F.2d 827, 832-34 (9th Cir.), *cert. denied,* 429 U.S. 854 [97 S.Ct. 148, 50 L.Ed.2d 130] (1976) (dismissal for want of prosecution); *United States v. Malcolm,* 475 F.2d 420 (9th Cir.1973) (ordering a defendant to undergo a psychiatric exam). *Id.* at 765.

Accordingly, this Court adopts the decision and rationale of the United States Court of Appeals, Third Circuit in *United States v. Rosa,* holding that compelling production of Jencks Act material at a sentencing hearing where the defendant has pled guilty is in concert with the intent of 18 U.S.C. § 3500. This Court hereby exercises its discretion as delineated under *State of Arizona v. Manypenny* to compel the Government to provide to Defendant the requested FBI 302's prepared by agent Harmon.