36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester SLAUGHTER, Sr., Defendant-Appellant.
 No. 93-3190.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 22, 1994.
Rehearing Denied Dec. 14, 1994.
 
 Before: WALD, WILLIAMS and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b) (1994).
 
 
 2
 Appellant challenges the District Court's denial of a motion to supply Jencks material at his sentencing hearing on due process grounds.
 
 
 3
 For the reasons stated in the accompanying Memorandum, it is
 
 
 4
 ORDERED AND ADJUDGED, by the Court, that the judgment of the District Court be affirmed.
 
 MEMORANDUM
 
 5
 On May 7, 1992, Chester Slaughter, Sr., ("Slaughter") was arrested pursuant to a valid search warrant. At the time of his arrest, he had 25 grams of heroin on his person, and an additional 331.5 grams of narcotics were recovered from the apartment in which he was arrested. He subsequently pled guilty to conspiracy to possess heroin with intent to distribute and admitted to possession of the 25 grams of narcotics found on his person. The government asked the District Court to sentence Slaughter based on the total amount of drugs found in the apartment, pursuant to U.S.S.G. Sec. 2D1.1(c). Slaughter denied possession of all drugs except for those found on his person. A sentencing hearing was held to determine whether there was evidence to attribute the narcotics in the apartment to Slaughter. The District Court determined that there was sufficient evidence to so attribute the narcotics, and sentenced Slaughter to 60 months incarceration based on the entire amount of drugs recovered.
 
 
 6
 At the sentencing hearing, Detective Vincent Colmes, the government witness, provided testimony linking Slaughter to the apartment and the drugs found in the apartment. At the close of Detective Colmes' testimony, Slaughter requested Jencks material--prior statements relating to his testimony--from Detective Colmes. Slaughter informed the District Court that an amendment to the Federal Rules of Criminal Procedure requiring the provision of Jencks materials at sentencing was to take effect in just under two months and argued that fairness required its application to his hearing. The District Court denied the motion for Jencks material.
 
 
 7
 Slaughter now challenges the District Court's sentence on the grounds that this denial of Jencks material was reversible error. Broadly construed, Slaughter offered two grounds for his motion to the District Court: that the amended rules would soon take effect and that fairness, or due process, required the provision of Jencks material. Neither ground supports his motion.
 
 
 8
 On December 1, 1993, Federal Rule of Criminal Procedure 32 was amended to require the provision of Jencks material--"any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified" Fed.R.Crim.P. 26.2(a)--at sentencing hearings. See Fed.R.Crim.P. 32(e). As Slaughter acknowledged to the District Court, the amendment to the Federal Rules of Criminal Procedure had not yet taken effect at the time of the sentencing hearing. The mere fact of an imminent amendment provides no basis or mandate for its advance application.
 
 
 9
 Slaughter also argued at sentencing and on appeal that due process requires the provision of Jencks material. Jencks v. United States, 353 U.S. 657 (1957), first established the right to Jencks material. That case is not a due process case. Rather, like its predecessor, Gordon v. United States, 344 U.S. 414 (1953), Jencks is rooted in "principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Gordon, 344 U.S. at 418; see Jencks, 353 U.S. at 666-67. Given the nature of the Jencks right, we cannot conclude that due process requires its application to sentencing hearings.
 
 
 10
 On appeal Slaughter additionally urges that although the rule change had not taken effect, "the justification for making [Jencks material] available was still applicable." Appellant's Br. at 8. In support of this argument, Slaughter relies on the Jencks case and cases from other circuits holding the Jencks Act, 18 U.S.C. Sec. 3500, which codified the Jencks case, applicable to non-trial proceedings. Slaughter did not raise this argument below. As we have previously held, " 'arguments not made at sentencing' are waived and we make exceptions to that rule only for plain error." U.S. v. Edelin, 996 F.2d 1238, 1245 (D.C.Cir.1993) (quoting U.S. v. Foster, 988 F.2d 206, 209 (D.C.Cir.1993)). The District Court's denial of Jencks material at sentencing was not plain error.
 
 
 11
 An error must be clear under settled law to constitute plain error. See U.S. v. Thomas, 896 F.2d. 589, 591 (D.C.Cir.1990) (per curiam). The applicability of the Jencks Act or Jencks itself to sentencing hearings is far from clear. This Court has never addressed the question, nor has it received extensive attention elsewhere. One circuit and two district courts have held, based on Jencks or the Jencks Act, that Jencks material must be supplied at sentencing hearings. See U.S. v. Rosa, 891 F.2d 1074, 1079 (3rd Cir.1989); U.S. v. Ameperosa, 728 F.Supp. 1479, 1483 (D.Haw.1990); US v. Fatico, 458 F.Supp. 388, 400 (E.D.N.Y.1978). Another circuit has stated, without holding, that the Jencks Act does not apply to sentencing. See U.S. v. Radix Laboratories, 963 F.2d 1034, 1039 (7th Cir.1992). Given this uncertainty in the law it was not plain error for the District Court to deny Slaughter's motion for Jencks material at sentencing.
 
 
 12
 For the foregoing reasons, we affirm the sentence.