**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30127 |
| Plaintiff - Appellee, | D.C. No. CR-05-00042-RRB |
| v. | |
| JASON SCOTT COLETTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30371 |
| Plaintiff - Appellee, | D.C. No. CR-05-00042-f-RRB |
| v. | |
| JASON SCOTT COLETTE, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30392 |
| Plaintiff - Appellee, | D.C. No. 4:05-cr-00042-RRB |
| v. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JASON SCOTT COLETTE,

     Defendant - Appellant.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 28, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Defendant-Appellant Jason Colette appeals his jury convictions for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He also appeals from the administrative forfeiture of a jet ski and trailer, and the criminal forfeiture of $38,848 in cash, following a jury trial. He raises numerous issues on appeal, none of which have merit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The most serious issue is whether we must reverse because the government violated the Jencks Act, 18 U.S.C. § 3500, by failing to timely produce (1) an audio tape of a police interview with a confidential informant; (2) the grand jury testimony of a federal agent; and (3) the handwritten notes the agent took during a different interview with the informant. The government did not violate the Jencks

Act when it failed to produce the audio tape of the informant's police interview during the criminal trial, because the tape was in the exclusive possession of state authorities. *See* 18 U.S.C. § 3500(b) (requiring the government to produce any statement of a witness "in the possession of the United States"); *Beavers v. United States*, 351 F.2d 507, 509 (9th Cir. 1965) (Jencks Act did not apply to a recording that was in the possession of state authorities).

The district court found no violation with respect to the grand jury testimony, but the government now concedes its failure to supply Colette with the agent's grand jury testimony violated the Jencks Act. *See* 18 U.S.C. § 3500(b), (e)(3). The government's failure to turn over the agent's notes of his interview with the informant violated the Act as well. *See United States v. Andersson*, 813 F.2d 1450, 1459 (9th Cir. 1987) ("[U]nder the Jencks Act, an agent's original interview notes with the suspect or potential witness must be preserved or produced.").

The district court should have stricken the agent's testimony from the record of the criminal trial as a sanction for the government's Jencks Act violations. *See* 18 U.S.C. § 3500(d); *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1031 (9th Cir. 2009). The court's failure to do so, however, could not have made a difference in the case and was therefore harmless. The agent's testimony played

3

only a limited role in Colette's criminal trial and was primarily geared toward proving the elements of the two firearm possession offenses of which Colette was acquitted. To the extent his testimony related to drug trafficking crimes, there was substantial evidence of Colette's guilt independent of the agent's testimony. *See Cardenas-Mendoza*, 579 F.3d at 1032-33.

The government did not violate its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to timely disclose to the defense the audio recording of the first interview of the informant and the agent's notes from the later interview with the informant. These materials had little impeachment value, and there is no reasonable probability they would have affected the result had the government timely produced them. *See United States v. Bagley*, 473 U.S. 667, 682 (1985).

The district court properly denied Colette's motions for a *Franks* hearing. Colette did not make any showing that the purported misrepresentations or omissions by the state trooper during the warrant hearing before the state magistrate were made deliberately or with reckless disregard for the truth. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Stanert*, 762 F.2d 775, 780-81 (9th Cir. 1985). Had the state trooper corrected the alleged misrepresentations and supplied the omitted facts, the magistrate still would have

4

found probable cause for the issuance of the search warrant. *See Franks*, 438 U.S. at 156; *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992).

The district court did not abuse its discretion in limiting cross examination. The names of other drug dealers the informant used were not relevant, the information's probative value was outweighed by the informant's substantial interest in his own safety and the avoidance of self-incrimination, and the limitation did not deprive the jury of sufficient information to assess the informant's credibility in light of the numerous other ways he was impeached. *See United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc). The confidential informant refused to answer questions related to his other sources of drugs, and even if the refusal could be viewed as an invocation of his Fifth Amendment rights, exclusion of his testimony was not warranted because the answer to those questions affected only collateral matters. *See Denham v. Deeds*, 954 F.2d 1501, 1503 (9th Cir. 1992).

Before the administrative forfeiture of the jet ski and trailer, the DEA sent notices of the seizure of this property by certified mail to Colette's home address, his jail address, and his attorney. These notices were "reasonably calculated under all the circumstances" to apprise Colette of the pendency of the property's forfeiture. *See Dusenbery v. United States*, 534 U.S. 161, 168-73 (2002). The

5

record further demonstrates that Colette and his attorney received these notices. There is no basis for setting aside the administrative forfeiture of these items of property under 18 U.S.C. § 983(e)(1), and there was no due process violation.

The district court also properly forfeited the $38,848 in cash. The evidence was sufficient to establish that Colette used, or intended to use, the cash "in any manner or part" to commit or facilitate his possession of cocaine with intent to distribute. *See* 21 U.S.C. § 853(a)(2). The court did not abuse its discretion in refusing to give Colette's proffered instruction on criminal forfeiture; it related to a "proceeds" theory of forfeiture on which the government did not rely during the forfeiture trial.

**AFFIRMED.**